# Sloan, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Grade crossings—Case for jury.*

1. Where the plaintiff in an accident case makes out a prima facie case by his own testimony, the case should be submitted to the jury, although subsequent portions of plaintiff's own testimony may be at variance with his first account.

2. Where in a grade crossing accident case the plaintiff testifies that on approaching the track he stopped and his view being partially obstructed in one direction he got out of his carriage, walked forward to the track, looked in both directions and saw the track perfectly clear and then went back, got into the carriage and drove forward, looking and listening as he did so, his case is for the jury, even if subsequent portions of his testimony are at variance with this account.

3. The credibility of testimony in general is for the jury and the remedy for a perverse verdict or one against the weight of the reason-

able and properly credible evidence is a new trial—a remedy that ought to be freely applied whenever the verdict in the opinion of the court is perverse in the sense that it goes beyond the limits of a reasonable difference of opinion upon the facts as proved or admitted. But the remedy in this form is not the same as that by nonsuit, and care should be taken to avoid confusing them.

Argued March 23, 1909. Appeal, No. 312, Jan. T., 1908, by plaintiff, from order of C. P. No. 2 Phila. Co., Sept. T., 1906, No. 5,020, refusing to take off nonsuit in case of John J. Sloan *v.* Philadelphia & Reading Railway Company. Before Mitchell, C. J., Fell, Mestrezat, Potter and Elkin, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Barratt, J.

The opinion of the Supreme Court states the case.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Augustus Trask Ashton,* with him *Maurice V. Daniels,* for appellant.

*W. C. Mason,* with him *Gavin W. Hart,* for appellee.

Per Curiam, May 20, 1909:

The plaintiff testified that on approaching the track he stopped and his view being partially obstructed in one direction he got out of his carriage walked forward to the track, looked north and south, and saw the track perfectly clear. He then went back, got into the carriage and drove forward, looking and listening as he did so. Having thus affirmatively made out a case by testimony which if believed showed it clear of contributory negligence, whether it was rebutted or not by other testimony was for the jury. Even if subsequent portions of plaintiff's own testimony were at variance with this account the question of credibility between them was for the jury.

It is strongly urged that the plaintiff's account was so improbable as to be unworthy of belief and it would seem that the trial judge was of that opinion. But the credibility of testimony in general is for the jury, and the remedy for a perverse verdict or one against the weight of the reasonable and properly credible evidence is a new trial—a remedy that ought to be freely applied whenever the verdict in the opinion of the court is perverse in the sense that it goes beyond the limits of a reasonable difference of opinion upon the facts as proved or admitted. But the remedy in this form is not the same as that by nonsuit, and care should be taken to avoid confusing them.

Judgment reversed and procedendo awarded.