## Donnelly *v.* Pennsylvania Co., Appellant.

*Practice, C. P.—New trial—After-discovered evidence.*

1. A motion for new trial based on the ground of after-discovered evidence will be refused where such evidence is merely cumulative and would not effect a change in the verdict.

*Negligence—Railroads—Passenger boarding train—Contributory negligence—Case for jury.*

2. In an action by a passenger against a railroad company to recover damages for personal injuries sustained while attempting to board defendant's train, the case is for the jury and a verdict and judgment for plaintiff will be sustained where there is evidence that plaintiff was the last of a number of persons boarding the car; that the train started while he was on the lower step; that on account of the motion of the car, or for some other cause, the person immediately in front of plaintiff lurched back against

him and caused his body to project some distance from the car so that he was struck and injured by one of defendant's trucks standing on the platform where it had just been in use.

Argued Oct. 22, 1915.    Appeal, No. 137, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1913, No. 297, on verdict for plaintiff in case of William J. Donnelly v. Pennsylvania Company.    Before BROWN, C. J., MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion of SHAFER, P. J., sur defendant's motion for a new trial and for judgment n. o. v.:

The action is for the loss of a leg caused by being run over by a car when the plaintiff was boarding a train. The plaintiff's testimony is to the effect that he went to the station at Rochester, Pennsylvania, to board a train; that he desired to get on the smoker, which was the rear half of a car the front half of which was used by an express company; that a truck of the express company was standing at the door of the front half of the car, near the car, and the express men were throwing packages into the car; that a considerable number of foreigners were getting on the car in front of him, and that he was the last person to mount the step. The train was started while he was on the lower step, holding with each hand on the rails provided for that purpose, and that the motion of the car, or something, caused the foreigner immediately in front of him to lurch back against him and make his body project some distance from the car, and that he was in that way struck by the truck which was still standing near the car, and that in that way he was thrown off and received his injury. There was also evidence tending to show that the trainmen were in somewhat of a hurry, either because the train was late or another train fol-

lowing them very closely, and it was not in dispute that the train started while the express men were still throwing packages in the car, and some of them were left behind. The defendant's testimony was to the effect that the plaintiff ran around the engine and down along the train, and undertook to get in while the car was in motion.

As to the motion for judgment notwithstanding the verdict, it is claimed that there is no evidence of any act of negligence upon the part of the defendant company. We are unable to see how this can be, if the testimony of the plaintiff is true. He says the brakeman was there and mounted the other car when he did, or after he did. The defendant cites the cases of Feiser v. Philadelphia & Reading Ry. Co., 245 Pa. 422; and Hatch v. Philadelphia & Reading Ry. Co., 212 Pa. 29, and Tobin v. Penna. R. R. Co., 211 Pa. 457. In the first two of these cases it is held that the railroad is not liable to a passenger who gets on the train at an unusual place or in an unusual way where the trainmen are not called on to expect it, and in the latter case the plaintiff boarded a moving train and was then hit by an obstruction at the side of the road before he fully entered the car. In the present case, however, according to the plaintiff's account, he was closely following up other passengers who were getting on the train. As to the motion for a new trial, it is for the reason that the verdict is against the weight of the evidence, and certain after-discovered evidence. As to the weight of the evidence, the verdict is not such as the court would have rendered upon the evidence given. At the same time, it was not an unreasonable deduction from the whole evidence. As to the after-discovered evidence, we are of opinion it would be merely cumulative and would not effect a change in the verdict if a new trial were granted.

Verdict for plaintiff for $10,000 and judgment thereon. Defendant appealed.

Assignment of Errors—Opinion of the Court. [252 Pa,

*Errors assigned* were in refusing defendant's motions for judgment non obstante veredicto and a new trial.

*Richard H. Hawkins,* of *Dalzell, Fisher and Hawkins,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

PER CURIAM, January 3, 1916:

This judgment is affirmed on the opinion of the court below denying defendant's motion for judgment n. o. v., and refusing a new trial.