# Kennelly v. Waropoyak, Appellant.

*Negligence — Automobiles — Pedestrians — Crossing street — Swerving of motor car—Contributory negligence.*

1. When a pedestrian attempts to cross a street between established crossings, as vehicles are rapidly approaching, and injury results, he will be chargeable with such carelessness as will prevent a recovery of damages; but where, having observed the traffic and

using due care, he deems it safe to attempt to cross, he is under no fixed duty to look back, though the circumstances may be such that in the exercise of due care it might become his duty to do so and be negligence to disregard it; but when he approaches a safe place, and, without any act on his part contributing to the cause, a driver suddenly changes the direction of his car striking the pedestrian, the latter cannot be held guilty of contributory negligence as a matter of law.

2. When different parts of either the plaintiff's or the defendant's testimony are apparently inconsistent, leaving it uncertain just what is the truthful recollection of the facts, it is the province of the jury to reconcile the conflicting statements if possible and to decide which shall prevail.

Argued October 15, 1919. Appeal, No. 62, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1918, No. 470, on verdict for plaintiff in case of Mary Kennelly v. Peter W. Waropoyak. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Trespass for personal injuries. Before Shafer, P. J.

Verdict and judgment for plaintiff for $1,941.67. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v.

*George C. Bradshaw*, with him *Charles F. Patterson*, for appellant.

*Thomas M. Marshall*, with him *Thomas M. Marshall, Jr.*, for appellee.

Opinion by Mr. Justice Kephart, January 5, 1920:

Plaintiff, while crossing a street between two regular crossings, was injured by appellant's automobile. The street on which the accident occurred permitted a clear view for some distance, and there was nothing on the street to obstruct this view. Defendant contends that

the plaintiff ran from the sidewalk immediately in front of the approaching car and was injured, but she says she went straight across the street to the center of the street and did not see the automobile until it struck her. Her witness, Riffle, testified that she walked in the cartway some distance in a diagonal direction to a place where she would have been safe had not the appellant, when within a very short distance of the girl, suddenly, to pass a hole in the street, changed the course of his machine, directing it towards the girl; that the accident would not have happened had the machine continued in the direction in which it was going. These contradictory accounts could not be disposed of on the theory that her evidence was controlling, as the evidence of her witness clearly takes the case to the jury. It is a well established rule that, when different parts of either the plaintiff's or the defendant's testimony are apparently inconsistent, leaving it uncertain just what is the truth as to the facts, it is the province of the jury to reconcile the conflicting statements, if possible, and to decide which shall prevail. The court, as a matter of law, could not adopt the one favorable to the defendant and direct a nonsuit, or enter a judgment n. o. v.: Strader v. Monroe, 202 Pa. 626, 633; Meitzner v. B. & O. R. R., 224 Pa. 352. According to the witness Riffle, the plaintiff had reached what would have been a place of safety when the automobile, traveling at a very rapid rate of speed, suddenly swerved, striking her. These facts, as found by the jury, were undoubtedly sufficient to charge defendant with negligent operation of his car. If the plaintiff was negligent, it was for the jury to so find. The court below, in its charge, pointed out the inconsistency in the evidence and the fact that the plaintiff's mind was, for some reason or other, apparently not as strong as before the injury. When a pedestrian attempts to cross a street between established crossings, as vehicles are rapidly approaching, and injury results, he will be chargeable with such carelessness

as will prevent a recovery of damages; but where, having observed the traffic and using due care, he deems it safe to attempt to cross, he is under no fixed duty to look back; though the circumstances may be such that in the exercise of due care it might become his duty to do so and be negligence to disregard it: Anderson v. Wood, 264 Pa. 98, 100.   But when he reaches a safe place, and, without any act on his part contributing to the cause, a driver suddenly changes the direction of his car, striking the pedestrian, the latter cannot be held guilty of contributory negligence as a matter of law: Arnold v. McKelvey, 253 Pa. 324.

The judgment of the court below is affirmed.