## Wilson *v.* Kallenbach, Appellant.

Argued September 27, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

254

*Lawrence D. Blair,* with him *Moorhead & Knox,* for appellant.

*Cyrus A. Davis,* with him *Albert F. Yunker,* for appellee.

OPINION BY MR. JUSTICE BARNES, December 5, 1938:

There is involved here the question whether there was an abuse of discretion by the court below in setting aside a verdict for defendant and awarding plaintiff a new trial.

The plaintiff was struck by an automobile which was driven by defendant, and sustained a compound fracture of both bones of the right leg below the knee, with a slight laceration on the left side of the forehead. While there is no dispute concerning the nature of plaintiff's injuries, the court below found that it was impossible to reconcile the testimony of the opposing parties and their witnesses, with respect to the manner in which the accident happened. Their conflicting versions may be summarized as follows:

Plaintiff testified that he had been a passenger on a northbound trolley car on Federal Street, which had stopped before the Federal Street Station of the Pennsylvania Railroad Company in the City of Pittsburgh, shortly after midnight on March 13, 1934. He said that he alighted from the car and stood on the safety platform in the east cartway of the street. As he looked to the south down Federal Street, he saw an automobile about one hundred and fifty feet away, coming toward him upon the rails of the northbound track. He stepped

from the platform to walk to the *east sidewalk* of Federal Street, but before he was able to reach the curb he was struck by the bumper of the oncoming automobile, which was operated by defendant, and severely injured. This testimony was corroborated by two witnesses who at the time of the accident were standing upon the east sidewalk of Federal Street, about seventy or eighty feet from the place where plaintiff was struck.

To the contrary, defendant asserts that the accident took place on the *west side* of the safety platform. He says that plaintiff remained standing on the safety platform until the trolley car had passed him, and then started westwardly to cross the car tracks. Defendant was following the trolley car upon the northbound track, and, according to his version, "my car was about halfways past him at the time and he hadn't stepped off the safety zone but just was going to step off, and he tried to push himself back from the car and, as he bent over, his head struck the rod in the ventilator window and knocked him down to the ground." Defendant produced as a witness a police officer who was a passenger in his car at the time, and who fully corroborated his story. There was in evidence photographs of the ventilator window which showed that the glass was shattered.

The jury returned a verdict for defendant, following which, upon plaintiff's motion, a new trial was granted by the court below because the verdict was found to be against the weight of the evidence. Subsequently a reargument was ordered and again the court below awarded a new trial to the plaintiff. The defendant has appealed from the order accordingly entered, which he assigns as error upon the ground that it constitutes an abuse of discretion.

It is well settled that a new trial will not be granted because of a mere conflict in testimony: *Kennelly v. Waropoyak*, 266 Pa. 94; *Harmer v. American Ry. Exp. Co.*, 269 Pa. 271; or because the trial judge on the same

256

facts would have arrived at a different conclusion: *Donnelly v. Penna. Co.*, 252 Pa. 175. While the credibility of witnesses is primarily for the jury, the court will unhesitatingly exercise its power to grant a new trial whenever the verdict is plainly and manifestly against the weight of the evidence: *Sloan v. Phila. & R. Ry. Co.*, 225 Pa. 52; *Maloy v. Rosenbaum Co.*, 260 Pa. 466; *Petrowski v. Phila. & R. Ry. Co.*, 263 Pa. 531.

Whether a verdict is contrary to the weight of the evidence rests primarily within the discretion of the court below, and its action granting a new trial for this reason will not be disturbed unless there is clear error of law or palpable abuse of discretion: *Reist v. Wogan*, 281 Pa. 107; *Lombardo v. Barilla*, 302 Pa. 460; *Evans v. Porter*, 306 Pa. 146; *Reiser v. Smith*, 328 Pa. 292; *Kline v. Thornton*, 331 Pa. 71.

The limited scope of our review in this regard is discussed in the recent case of *Koch v. Imhof*, 315 Pa. 145, where we said per curiam (p. 147): "Ordinarily, we are not interested in, nor will we consider the weight of the evidence on the one side or the other, as shown by the record of a trial in the court below; that was a subject for the jury primarily, for the court below secondarily, and, in the absence of a clear abuse of discretion, is not, on appeal, a matter for review. . . . Hence one who asserts that a trial judge abused his discretion in granting or refusing to grant a new trial, has a heavy burden to carry; too heavy, indeed, unless he can show a clear abuse of discretion by the court below."

There is nothing in the present case to indicate an abuse of discretion that would warrant a reversal by this Court. We see no reason, therefore, to depart from our settled rule that the awarding of a new trial lies largely within the discretion of the trial court.

The order granting a new trial is affirmed.