## Yago et al., Appellants, *v.* Pipicelli.

Argued October 8, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Edward O. Spotts, Jr.,* with him *Samuel G. Alter,* for appellants.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellee.

PER CURIAM, November 24, 1941:

This was an action in trespass brought by Ralph Yago and his parents, Christian P. Yago and Anna Yago, appellants, to recover for injuries sustained by the son, while he was still a minor, in a collision between a motorcycle owned and operated by him and an automobile of Jess Pipicelli, appellee, on May 30, 1938, at a point on "Bower Hill Road", Mount Lebanon Township, near

its intersection with "Carnegie Drive". The trial before the court below and a jury terminated in a verdict "in favor of the defendant in both cases by reason of contributory negligence on the part of the complainant, Ralph Yago", whereupon appellants moved for a new trial on the ground, principally, that the verdict was against the weight of the credible evidence. Complaint was also made of alleged misstatements of fact in the trial judge's charge, that the charge was inadequate, and that certain rulings relating to the admission and exclusion of evidence were erroneous and prejudicial to appellants' case. This motion was refused by the court en banc and these appeals followed.

It has been pointed out in numerous decisions that the granting of a new trial on the ground that the verdict is against the weight of the evidence is peculiarly for the court below, and its refusal to grant one for that reason is not, on appeal, a matter for review, in the absence of a palpable abuse of discretion. "Ordinarily we are not interested in, nor will we consider the weight of the evidence on the one side or the other, as shown by the record of a trial in the court below; that was a subject for the jury primarily, for the court below secondarily, and, in the absence of a clear abuse of discretion, is not, on appeal, a matter for review by the Supreme Court. . . . The trial judge who saw and heard the witnesses, when they gave their testimony, is far better able to give due weight thereto, than the Supreme Court can be on an appeal": *Koch v. Imhof,* 315 Pa. 145, 147. See also: *Wilson v. Kallenbach,* 332 Pa. 253, 256; *Mansur v. Josephson,* 333 Pa. 467, 470; *Heaver v. Phila. R. T. Co.,* 120 Pa. Superior Ct. 520, 527; *Jones v. Manhattan Life Ins. Co.,* 134 Pa. Superior Ct. 437, 446. No such abuse of discretion appears in this case.

At the conclusion of the charge, the trial judge asked counsel for both sides, "Is there anything else you would like me to charge or are there any corrections you wish me to make?", and counsel for appellants called the

court's attention to none of the alleged mis-statements of fact now objected to. Under these circumstances, and particularly in view of the court's caution to the jury that "if I have mis-stated any facts in this case, you take your recollection and not mine", appellants cannot now be heard to complain of an error or inaccuracy in the charge. See *Broomall v. Penna. R. R. Co.*, 296 Pa. 132, 140; *Stolpe v. Duquesne City*, 337 Pa. 215, 219.

The objections relating to alleged deficiencies in the charge as a whole, as also those relating to certain rulings on evidence, are so obviously lacking in merit that we do not discuss them. Our review of this record, in the light of the assignments of error, reveals nothing therein to warrant our interference with the disposition made of the case by the court below. Like the court below: "We believe there was ample evidence to sustain a verdict for [appellants] on the ground of negligence, but we also believe . . . that there was just as strong evidence of contributory negligence as there was of negligence. . . . This young man was seriously injured and we have the greatest sympathy for him, but we do not feel justified in setting aside the verdict of the jury".

Judgment affirmed.