Jones et vir, Appellants, v. Williams et al.

560

Argued January 7, 1948. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*William M. Keenan,* with him *Pepper, Bodine & Stokes,* for plaintiffs.

*Howard R. Detweiler,* with him *Frank R. Ambler,* for defendant.

*Todd Daniel,* with him *Henry Temin,* for additional defendant.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 25, 1948:

In an action in trespass for personal injuries sustained in an automobile accident, Sarah D. Jones, wife-plaintiff, recovered a verdict for $5,000 against Patrick

Williams, original defendant. The jury exonerated the additional defendant, John W. Jones. A motion for a new trial was filed by the original defendant. In granting the motion, the court said: "There is no question in this case of the plaintiff's right to a verdict and the amount of damages to be assessed . . . We are of the opinion however that the additional defendant was also negligent and the jury acted capriciously and in disregard of the undisputed evidence in failing to so find." Plaintiffs and additional defendant appealed from the court's order.

On April 16, 1946, the additional defendant, John W. Jones, was operating in a northwardly direction on 11th Street, Philadelphia, a passenger car owned by his father Albert R. Jones and occupied by both parents, co-plaintiffs. At the intersection of 11th and Callowhill Streets, defendant's truck, which was traveling in an eastwardly direction on Callowhill Street, sideswiped with plaintiff's car causing damage to it and injuries to Sarah D. Jones. John W. Jones testified he was proceeding north on 11th Street at 11:30 A.M. on a clear day at a speed of 8 to 10 miles an hour. On the intersecting Southwest corner, there was a bridge abutment and also parked cars, which obstructed the driver's view. He could not see west on Callowhill Street until he was at the curbline. Upon reaching the corner of 11th and Callowhill Streets, he reduced his speed to 6 miles an hour and proceeded into the intersection about 8 to 10 feet when he saw about 25 feet from him defendant's truck approaching at a rate of speed of 16 to 18 miles an hour. Its "path" was 5 or 6 feet from Jones' car. When Jones first observed it, the truck was about 5 feet past a "Stop Sign" located 20 feet west of the west curbline of 11th Street. Jones testified that the truck "hadn't stopped, didn't make any attempt to stop at the Stop Sign, so my first impulse was to try to give it the gas, get across but I realized it was too late for that, so

I swerved right and threw on my brakes; I thought there was a possibility he could swerve—".

The original defendant's negligence is not challenged in this appeal. The issue is whether or not the court erred in ordering a new trial because the court believed that the facts called for a verdict against *both* defendants.

John W. Jones had a right to assume that traffic would heed the "Stop Sign" and not enter the intersection at a rate of speed which would make likely a collision with his Chevrolet car. When he saw the truck had not stopped but was approaching his path he "swerved right and threw on the brakes". This is all he could do. Jones' left front fender and grille collided with the defendant's right front fender. The court below was no more justified in depriving the additional defendant of his exculpatory verdict than the lower court would have been had it deprived the plaintiff of his verdict against the Gas Company, in *Trerotola v. Philadelphia et al.*, 346 Pa. 222, 29 A. 2d 788. There we said: "Having secured a verdict against *one* of two alleged tort-feasors, the plaintiff should not be denied of his judgment because the court believes that the verdict should have been rendered against both of the alleged tort-feasors."

In *Felo et al. v. Kroger Grocery & Baking Company et al.*, 347 Pa. 142, 31 A. 2d 552, this Court in an opinion by Mr. Justice Drew held that a plaintiff who has secured a verdict against one of two co-defendants in a trespass action is entitled to the benefit of the verdict, even though the court believes that it should have been rendered against both of the alleged tort-feasors. See also *Kins v. Pittsburgh Rwy. Co.*, 154 Pa. Superior Ct. 29.

The court below in its opinion granting a new trial said: "We are of the opinion however that the additional defendant was also negligent [as was the defendant Williams] and that the jury acted capriciously and in

disregard of the undisputed evidence in failing to so find." We do not find in this record any evidence warranting the trial judge in declaring him guilty of negligence as a matter of law. What this Court said in *MacDonald, Admrx., v. P. R. Co.*, 348 Pa. 558, 564, 36 A. 2d 492, is applicable here: "Courts must not lose sight of what Wigmore calls 'the bipartite constitution of the common law tribunal'. (Wigmore on Evidence, 3rd Ed. Vol. 9, sec. 2487.) To lay down a rule that whenever a trial court is convinced that the proofs on either side of a civil action in which there are issues of fact triable by a jury are so conclusive that the court can declare as a matter of law that the verdict must be for the party offering such proofs, would be to introduce a radical innovation in trial procedure in this Commonwealth. The error of the court below was in taking upon itself the fact finding functions of the jury."

The trial judge drew the inference that John W. Jones was "going a good deal faster than he said he was", because "the left fender, bumper, grille, radiator, headlight of the plaintiff's car were smashed". It is always a very conjectural thing to judge the speed at which a moving object was traveling when it collided with another object, *from the damage it sustained,* for there is nothing more unpredictable than the "freakish" results of a collision of two objects. (For example, when a locomotive and a cow collide, the former is sometimes derailed.) The damage Jones' machine actually sustained was what one should expect from a collision between a six-ton truck traveling 18 miles an hour and a lightly constructed Chevrolet car.

When John W. Jones was asked on cross-examination, "How quickly, in how many feet, would you say you could stop your car, going at a speed of about six miles per hour," he replied, "Almost immediately . . . a couple of feet". It was on this testimony that the Court chiefly based its conclusion that Jones was negligent. As to this, two things are to be said. First, Jones' state-

ment as to the speed of his car and as to how soon he could stop, was only an estimate. Apparently he could *not* stop his car "in a couple of feet" for although he did "throw on his brakes and swerve to the right" he did not avoid the collision. Since the truck was only 20 feet away when Jones first saw it and since Jones' car was then 8 feet into the intersection and only 5 or 6 feet from "the path of the truck", it is obvious that at *that* moment the circumstances were such as to make a collision inevitable. Jones cannot be adjudged negligent for committing himself to the intersection, for with a "Stop Sign" facing the truck before it got into the intersection he had a right to assume that no vehicle coming from the left into the intersection would enter the intersection at a speed of 16 or 18 miles an hour. Jones' only error was his reliance on the belief that the "Stop Sign" would be heeded. The assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other's lawabidingness is misplaced.

While this Court usually supports the action of the trial court in granting or refusing a new trial we do not entirely abdicate our reviewing functions in such cases. This Court, too, has the duty to determine from the record whether or not the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative so that right may be given another opportunity to prevail. In the following cases cited in support of the appellee's position in respect to the award of a new trial: *Nark v. Horton Motor Lines, Inc.*, 331 Pa. 550, 1 A. 2d 655; *Koch et al. v. Imhof*, 315 Pa. 145, 172 A. 673; and *Yago et al., Appellants, v. Pipicelli*, 343 Pa. 222, 22 A. 2d 699, this Court declined to reverse the refusal of the court below to *grant* a new trial. In *Knies v. Kraftsow*, 156 Pa. Superior Ct. 296 (cited by appellee) the Superior Court affirmed the judgment of the court below in denying a new trial. In *Wilson v. Kallenbach*, 332 Pa. 253, 2 A. 2d 727 (cited

by appellee), in which this Court affirmed the order of the court below granting a new trial, we said: "It is well settled that a new trial will not be granted because of a mere conflict in testimony: Kennelly v. Waropoyak, 266 Pa. 94; Harmer v. American Ry. Exp. Co., 269 Pa. 271; or because the trial judge on the same facts would have arrived at a different conclusion: Donnelly v. Penna. Co., 252 Pa. 175."

The question at issue below was one of fact and exclusively for the jury's determination. The finding that the additional defendant was not guilty of negligence was in our judgment strictly in accordance with the evidence. The court below in invading the province of the jury and nullifying its favorable verdict for the additional defendant showed a clear abuse of discretion.

The order of the court below granting a new trial is reversed.

Mr. Justice LINN dissents and Mr. Justice STERN concurs in the dissent.

---

DISSENTING OPINION BY MR. JUSTICE LINN:

I dissent. In *Marko v. Mendelowski*, 313 Pa. 46, 47, 169 A. 99, we said: "We have frequently said we will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action: . . . ." See also *Hitchay v. Phillips*, 316 Pa. 290, 175 A. 389. The court en banc, in granting a new trial in this case said, "As we think the verdict should have been against both the defendants, it would be unjust to deny the defendant's motion for a new trial." Another salutary rule recognizes that the trial judge is in better position to consider the merits of testimony than the members of this Court. In *Phillips'*

*Estate,* 295 Pa. 349, 356, 145 A. 437, we said, "The trial judge saw all of these witnesses, and hence is far better able to determine what weight should be given to their testimony than we can possibly be."

I therefore accept the trial judge's statement that it would be unjust not to try this case again.

In *Maloy v. Rosenbaum Co.,* 260 Pa. 466, 472, 103 A. 882, we said: "While the ascertainment of the underlying facts, and the drawing of the inferences and final conclusions therefrom, are for the jury, even where strong conflicting oral evidence is produced by a defendant, yet, in every such instance, a grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to stand, no matter how many new trials must be granted in order to effect the ends of justice; and this will always be so, until the fundamental law, which ordains that trial by jury shall be as heretofore, is changed to give greater power, in the realm of fact, to the judiciary." See also *Hess v. Stiner,* 144 Pa. Superior Ct. 249, 19 A. 2d 560.

In *Sandonawicz v. Life Ins. Co.,* 129 Pa. Superior Ct. 431, 196 A. 543, an order affirming a fourth trial on matter of fact was affirmed.

Mr. Justice HORACE STERN concurs in this opinion.