## Decker *v.* Kulesza, Appellant.

Argued November 23, 1951. Before DREW, C. J., STERN, STEARNE, LADNER and CHIDSEY, JJ.

*I. Raymond Kremer,* with him *Max E. Cohen, Lester R. Male* and *L. B. Maxwell,* for appellant.

*James Rutherford* and *Milford J. Meyer,* with them *Meyer, Lasch, Hankin & Poul,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, January 7, 1952:

These actions arise out of a collision of two automobiles which occurred on July 3, 1948 at about 9 o'clock P.M. in Wayne County, Pennsylvania. At the time of the accident Joseph Kulesza was the owner and operator of one of the vehicles; William H. Gibbs was the owner and operator of the other vehicle and Mrs. Kathryn M. Decker was a passenger in Gibbs' automobile. On November 22, 1948 Mrs. Decker filed a complaint in trespass against Joseph Kulesza, whereupon Kulesza brought in Gibbs 'as an additional defendant. On the same day, under a separate term and number, Gibbs filed a complaint in trespass against Kulesza and thereafter Kulesza filed an answer and a counterclaim against Gibbs for his damages resulting from the accident. It was expressly agreed and stipulated that the Decker and Gibbs cases against Joseph Kulesza be tried together before the same jury in accordance with the Pennsylvania Rules of Civil Procedure, 213 (a).

Verdicts were rendered in the respective cases on behalf of plaintiff, Mrs. Decker, in the amount of $5,000 against Gibbs (alone) as additional defendant, and in favor of Kulesza, as defendant and counterclaimant in the amount of $300 against Gibbs.

Thereafter Gibbs filed a motion for judgment *non obstante veredicto* as against Mrs. Decker and for a new trial as to the plaintiff Decker and the defendant Kulesza; Mrs. Decker filed a motion for new trial as to both Kulesza and Gibbs. The court below refused Gibbs' motion for judgment *non obstante veredicto* but, for the reasons hereinafter discussed, granted the motions for new trial as between all parties. These appeals are from the grant of these motions.

Diametrically opposed versions as to how the accident happened were given. The collision occurred on Route 370 in Wayne County which runs in a general north and south direction. Prior to the accident Gibbs was traveling southward toward a curve to the left in the road and although he first testified that he "was making a left hand turn when Mr. Kulesza was coming down the other side right in my lane.", he subsequently testified that the collision occurred between 60 and 100 feet north of the curve. He said that when he saw Kulesza's car it was "Pretty near all on my side of the road."; that he stopped his car and was then well over on the berm on his side. Mrs. Decker, who was his housekeeper, corroborated him and four or five witnesses called on his behalf who arrived at the scene after the collision occurred also corroborated his account as to where the accident happened, based upon the location of the cars after the accident.

On the other hand, Kulesza, who was traveling northward, testified that the accident happened as he was rounding the curve; that he saw Gibbs' car approaching on his (Kulesza's) side of the road; that he, Kulesza, turned his car to the right; that after the collision his car was off the road with both right wheels in a ditch and the two left wheels parallel with the road and that the two cars were about 10 feet apart from rear to rear. Kulesza called on his behalf

Elizabeth Williams, a passenger in the front seat of his car, and the four occupants of a car that was following Kulesza's car 75 or 100 feet to the rear. Two of the occupants of this car, as well as Miss Williams, were eye witnesses to the collision and the other two who were apparently not looking ahead nevertheless were upon the scene immediately after the accident happened. The testimony of these witnesses corroborated Kulesza's version as to how and where the collision occurred. Gibbs placed much reliance upon the testimony of a state policeman who gave his opinion as to where the impact occurred, based principally upon debris found upon the ground. However, he did not arrive upon the scene until four hours after the accident happened and it was testified that many cars had passed by during the interval. The jury was aided by viewing the scene of the accident and by photographs introduced into evidence. The witnesses on both sides were subjected to cross-examination, minor self-contradictions were developed, but on the whole the conflicting accounts of the witnesses on the two respective sides of the controversy were not shaken. Inferences from the facts testified to could be drawn in favor of each of the parties. It was, therefore, incumbent upon the jury to determine which was the true account. If the accident happened as the result of one or the other of the car drivers being on the wrong side of the road (and there was no contention or evidence offered that either driver was otherwise negligent as to speed or operation), the collision could have occurred on the straight part of the road or upon the curve, but at the trial emphasis was placed upon whether the collision occurred on the curve or on the straightaway to the north of it. This went directly to the credibility of the many witnesses called by each party who gave, as stated, conflicting testimony in this regard.

The court below granted the new trial because of its opinion (1) "that the jury was confused by the multiplicity of suits and, perhaps, did not clearly understand the issues involved." and (2) because of its belief "that the verdict is against the weight of the evidence and that the interest of justice requires a new trial."

While an award of a new trial is an inherent power of the court and its exercise a matter of discretion, the discretion is not an absolute one and it is the duty of this Court to review and determine whether there has been an abuse of discretion: *Jones v. Williams*, 358 Pa. 559, 58 A.2d 57; *Martin v. Arnold*, 366 Pa. 128, 77 A.2d 99; *Stewart v. Ray*, 366 Pa. 134, 76 A.2d 628. In *Jones v. Williams*, supra, speaking through the late Chief Justice MAXEY, this Court at p. 564 said: "While this Court usually supports the action of the trial court in granting or refusing a new trial we do not entirely abdicate our reviewing functions in such cases. This Court, too, has the duty to determine from the record whether or not the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative so that right may be given another opportunity to prevail." And see *Carroll v. Pittsburgh*, 368 Pa. 436, 84 A.2d 505.

We are constrained to hold in the instant case that the grant of a new trial was an abuse of discretion. Since the introduction into our practice of joinder of additional defendants, juries are often called upon to determine several issues and the relative rights and liabilities of the parties with respect thereto. It may not be assumed that the jury is confused in such cases. Although two suits were here consolidated for trial, complete disposal of the question of liability by the jury necessitated only their determination whether the

accident was the result of negligence on the part of Gibbs, the driver of one car, or of Kulesza, the driver of the other car, or as a result of negligence on the part of both of them. The trial judge in his charge with great clarity so instructed- the jury. The latter asked for no additional instruction in this regard nor did any of counsel. After rendering their consistent verdicts in favor of the plaintiff against Gibbs in the one suit and in favor of Kulesza against Gibbs in the other, the trial judge said: "I take it, from your verdicts, that you feel William Gibbs was solely responsible for the accident. Is that correct? Foreman: Yes." We find nothing to indicate that the jury was confused by "multiplicity of suits" or that it failed to understand the issues involved.

We also find it impossible to consider the verdicts to be against the weight of the evidence. The case presented conflicting testimony on the part of a number of witnesses on each side. A new trial will not be granted because of a mere conflict in testimony, *Jones v. Williams,* supra; *Wilson v. Kallenbach,* 332 Pa. 253, 2 A.2d 727; *Kennelly v. Waropoyak,* 266 Pa. 94, 109 A. 608; *Harmer v. American Railway Express Co.,* 269 Pa. 271, 112 A. 449; or because the trial judge on the facts would have arrived at a different conclusion: *Donnelly v. Pennsylvania Co.,* 252 Pa. 175, 97 A. 272; and see 20 R. C. L., New Trial, §§55-61.

In his charge to the jury the learned trial judge stated: "Now, the credibility of the witnesses is entirely for you. The Court has nothing to say as to whom you will believe or what weight you will give the testimony of any witnesses, and in determining the credibility of the witnesses, you will consider their manner of testifying; their apparent candor and frankness and fairness, or the lack of it; their bias or prejudice in the case, if any is shown; the means of

observing they have to matters to which they testified; their corroboration by other witnesses in the case; their interest in the result of the case, if any. You will take all of the surrounding circumstances and determine which witnesses you will believe and what weight you will give to their testimony." There was no intimation by the trial judge in his charge nor is there any expression by the lower court in its opinion that the testimony of the defendant, Kulesza, or of any of his witnesses was unworthy of belief.

Toward the conclusion of his charge, the trial judge said: "This is particularly and peculiarly a jury suit." With this we agree. In declaring that the verdict was against the weight of the evidence we feel that the court clearly invaded the jury's sphere and usurped its function.

The trial of this case lasted four days. The parties were represented by able counsel. No exception was taken to any part of the charge of the court which was comprehensive, fair and illuminating in its presentation of the issues. In our opinion, to compel a new trial would not uphold but hinder justice.

The order granting the motions for new trial is reversed and it is directed that judgments be entered upon the respective verdicts.