## Bodine v. Boyd et al.

*Samuel Polsky,* for plaintiff.

*Robert C. Kitchen* and *Max E. Cohen,* for defendants.

MILNER, J., April 6, 1955.—We have before us for consideration the motion for new trial of defendant, Peri Bekir, following rendition by a jury of a verdict for $10,000 against her alone, exonerating the other defendant driver, Clarence Boyd, from liability. The respective owners of the vehicles involved, Rosalie Boyd and Arsenia Bekir, were eliminated from consideration in the course of the trial in the absence of any evidence of agency.

The accident in this matter occurred on May 23, 1953, at about 11:40 a.m. The weather was clear and the streets were dry. Plaintiff, a pedestrian, was crossing Lancaster Pike at its intersection with Clover Hill Pike, in Wynnewood, Montgomery County, when she was struck by an automobile operated by defendant Boyd traveling in a westerly direction on Lancaster Pike. At the time of the accident Boyd's vehicle was admittedly struck in the rear by defendant Bekir's vehicle, also proceeding in a westerly direction on Lancaster Pike.

The controlling question of fact presented to the jury was whether or not Boyd's vehicle struck plaintiff before it was propelled forward by Bekir's vehicle or whether Boyd's vehicle was moving at the time it was struck in the rear and would have hit her in any event. The jury's right to find plaintiff free of contributory negligence and either or both defendants guilty of negligence is not disputed. Defendant, Peri Bekir, has

abandoned her contention that the verdict was against the law and relies solely upon the contentions that the verdict was against the weight of the evidence and that the charge of the court was fundamentally erroneous and inadequate. .

We have carefully reviewed the testimony and the trial judge's charge and are of the opinion that the conflicting versions as to the manner in which this accident occurred were quite properly submitted to the jury following adequate and correct instructions as to the applicable law. We shall not review the testimony at length. Defendant Bekir contends that the verdict was against the weight of the evidence, that certain witnesses were more disinterested than others and therefore supposedly more credible. We cannot agree. The jury's verdict was a quite permissible one and justified by the credible evidence adduced at the trial.

Plaintiff testified that she heard the crash of the cars *before* she was struck; that she was struck *after* the bump was heard. Defendant Boyd testified that he applied his brakes when he was about 50 feet away from plaintiff; that he stopped his car and was then struck in the rear and propelled forward into Mrs. Bodine. Defendant, Miss Peri Bekir, testifying in her own behalf, and her sister passenger (Miss Ellen Najai Bekir) actually confirmed Boyd's testimony to the effect that he came to a sudden stop and was then propelled forward. Miss Peri Bekir testified that as she approached the intersection at Lancaster Pike and Clover Hill Pike she saw Boyd's car come to a stop when she was about two car lengths behind him and that although she pulled to the right her left front fender hit the back of Boyd's car.

Thus the evidence of the actual participants in this accident is in support of the verdict. Defendants' versions of the manner in which the accident occurred

actually corroborate plaintiff's version. Defendant, Peri Bekir, principally relies upon the testimony of certain persons riding in another car; but a review of the testimony demonstrates that the jury was by no means obliged to accept the testimony of these witnesses. The testimony of Morris Robert Brunner, the driver of a car proceeding in the same direction as Boyd, indicated that he must have passed the point of collision between Boyd and Bekir because the Bekir car came to rest at an angle projecting into his, Brunner's, lane of traffic. The jury had the right to conclude that Brunner was past the point of collision prior to the time plaintiff was struck. Both Morris Brunner and Howard Brunner stated that they were watching the road or looking straight ahead and therefore the jury could infer that they did not see plaintiff struck. The jury was not obliged to conclude that they even saw the accident.

The applicable rule was set forth in Carroll v. Pittsburgh, 368 Pa. 436 (1951), by Chief Justice Stern as follows:

"A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion: *Wilson v. Kallenback*, 332 Pa. 253. . . . Neither should it ordinarily be granted on the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the jury might have found for either party." See also Jones v. Williams, 358 Pa. 559 (1948); Martin v. Arnold, 366 Pa. 128 (1950); Stewart v. Ray, 366 Pa. 134 (1950); Decker v. Kulesza, 369 Pa. 259 (1952); Joseph v. Rochester Motor Coach Co., 380 Pa. 189 (1955).

We do not think the verdict was against the weight of the evidence. The factual issues were fully argued to the jury by counsel, but it is now (improperly) argued the jury was "green" and failed to deliberate

long enough. We are unimpressed by this argument. Defendant also contends that there is wonderment in the fact that the damages are assessed in the "precise amount of the defendant's insurance limit". We have searched the record for any reference whatsoever to insurance or insurance limits, but are unable to find any.

Defendant, Peri Bekir, now complains that the trial judge failed to instruct the jury properly with regard to the weight of testimony of interested and disinterested witnesses. No complaint whatsoever was made as to the charge at the time of trial; neither a specific nor general exception was taken to the charge. All counsel were asked at the close of the charge, "Is there anything else you want me to say", and defendant Bekir's counsel replied, "I have nothing, sir"; the only one who requested an addition was plaintiff's counsel. The rule has been stated over and over again that a party may not remain silent and take his chance on a verdict and then, if it is adverse, complain of some inadequacy which could have been quite easily corrected. See Susser v. Wiley et al., 350 Pa. 427 (1944); Rasmus v. Pennsylvania R. R. Co. et al., 164 Pa. Superior Ct. 635, 639-40 (1949); Stadham Co. v. Century Indemnity Co., 167 Pa. Superior Ct. 268, 275 (1950). The reply of defendant Bekir's counsel was an actual affirmative waiver of objection in this case. See Fox v. Mulvaney, 373 Pa. 498, 502 (1953); Rasmus v. Pennsylvania R. R. Co., supra.

It may further be noted that the court did correctly instruct the jury following extensive argument by all counsel, with regard to the weight of the testimony of interested and disinterested witnesses, as follows:

"The credibility of the witnesses is for you in all these cases, as you have noticed; whether a fact is true and whether it is to be taken by you as a fact in the case, or is a true fact. Your determining that, inas-

much as you are only hearing this story told about this accident from the witness stand by the witnesses, depends on what weight and what credibility you give to those witnesses, or which ones do you believe, do you believe them all, or do you believe some, or do you only believe part of what some of them say, and having in mind, of course, the interest a witness may have, or their intelligence, whether they should know about what they are talking about, and their manner of testifying from the stand, whether they seem to be trying to tell you a truthful story in a frank manner or not. All those things you take into consideration and evaluate their testimony and determine whether or not the fact which may be in conflict in the testimony is true or not. You do not count witnesses, the side does not prevail that has the most witnesses, it is the weight of the testimony that counts."

We have considered the merits of defendant's contention of inadequacy of charge though plaintiff has quite properly objected that such "additional reason for new trial" is presented too late. Defendant, Bekir, in filing her motion for new trial, did not raise any question with regard to the charge on the subject of disinterested witnesses; nor was the right to file additional reasons reserved; nor was the court requested to authorize the filing of such additional reason for new trial, nor did the court so authorize.

Defendant does not contend that the verdict is excessive and it is apparent that it was not. The parties have all had their full and fair day in court and the present motion is a post-veredicto lament. We have on numerous occasions indicated our indisposition to usurp the function of the jury.

Wherefore we enter the following

### Order Sur Motion for New Trial

And now, April 6, 1955, 11 a.m., the motion for new trial of defendant, Peri Bekir, is overruled; the

prothonotary is directed to forthwith enter judgments on the respective verdicts.