## Pritts, Appellant, *v.* Wigle.

Argued September 30, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George W. Lamproplos,* with him *Myron W. Lamproplos, H. Reginald Belden,* and *Cassidy & Lamproplos,* for appellant.

*Vincent E. Williams,* with him *Smith, Best and Horn,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 11, 1964:

On October 2, 1958, an automobile accident occurred and resulted in the deaths of the drivers of the two automobiles involved, Donald C. Pritts and Charles M. Wigle, Sr. Pritts' administratrix filed an action of trespass against the executors of the estate of Wigle under the wrongful death and survival acts. Wigle's executors filed an action of trespass against the administratrix of the estate of Pritts under the survival act.

The cases were consolidated for trial and resulted in jury verdicts in favor of Pritts' administratrix in the amounts of $8,518.54 in the wrongful death action, and $22,481.46 in the survival action, for a total of $31,-000.00. In the action by Wigle's executors against the administratrix of Pritts' Estate, the jury returned a verdict for the defendant.

Wigle's executors filed motions for judgment n.o.v. and new trial in the case in which they were defendants, and for new trial in the case in which they were plaintiffs. The court en banc, with one Judge dissenting, granted the motion for judgment n.o.v. in the Pritts v. Wigle case and the motion for new trial in the Wigle v. Pritts case, these appeals followed.

"In considering a motion for judgment n.o.v., the evidence together with all reasonable inferences therefrom, are considered in the light most favorable to the verdict winner. However, in considering the action of the lower court in granting or refusing a new trial, an appellate court will affirm, unless there has been a clear abuse of discretion, or an error of law which controlled the outcome of the case or the decision of the lower court". *Chambers v. Montgomery,* 411 Pa. 339, 192 A. 2d 355 (1963), and cases cited therein.

Viewing the evidence and all reasonable inferences therefrom, in the light most favorable to the verdict winner, the facts may be summarized as follows: On October 2, 1958, at 5:30 P.M. at the crossroads of Route 711 and Rector-Darlington Road, an accident occurred involving automobiles driven by Pritts and Wigle. Pritts was traveling on the through Highway 711. Wigle was driving on Rector-Darlington Road, which is controlled by a stop sign fifty feet from the intersection. The accident occurred at right angles within the intersection. The only eyewitness to the accident was Mrs. Thelma Dudley, a passenger in the Wigle automobile. She testified, inter alia, that Wigle

stopped at the stop sign fifty feet from the intersection, then drove into the intersection without stopping at the edge of the intersection. Immediately upon entering the intersection, the accident occurred.

The failure of Wigle to stop before entering a dangerous intersection is most certainly evidence of sufficient quantity and quality to sustain the verdict of the jury. We have said on numerous occasions that a motorist who enters an intersection, onto a through highway, must do so with care, for such situations are pitfalls for the less diligent and set the scene for serious accidents. *Idlette v. Tracey*, 407 Pa. 278, 180 A. 2d 37 (1962).

It is the duty of this court to determine from the record the existence of evidence which establishes negligent conduct which was the proximate cause of the accident. *Stimac v. Barkey*, 405 Pa. 253, 174 A. 2d 868 (1961). The failure of Wigle to stop before his immediate entry into a dangerous intersection is certainly conduct out of which negligence can be inferred. The jury could quite properly reason that the negligence in so entering the intersection was the proximate cause of the accident. It is fair to reason that had Wigle not entered the intersection before stopping at the edge to survey traffic conditions on the through highway, the accident would not have occurred.

The Court should not have granted judgment n.o.v. since there was evidence upon which the jury could properly find as it did, i.e., the evidence, together with all reasonable inferences therefrom, should have been considered in the light most favorable to the verdict winner Pritts. *Chambers v. Montgomery*, supra.

The appellee raises the point that the negligence which caused the accident was the result of the conduct of Pritts. This, however, is a question which, once put to the jury, lies within its realm. The jury heard all the evidence, saw all the witnesses and as such was in the best position to determine who was negligent.

The dissenting judge in the court below aptly concluded that: "In any event, the conflicting testimony in these cases at most created a factual issue which was entirely within the province of the jury, and not the Court, to resolve. This rule is well stated in Decker v. Kulesza, 369 Pa. 259, 264, as follows: 'We also find it impossible to consider the verdicts to be against the weight of the evidence. The case presented conflicting testimony on the part of a number of witnesses on each side. A new trial will not be granted because of a mere conflict in testimony, Jones v. Williams, supra, [358 Pa. 559]; Wilson v. Kallenbach, 332 Pa. 253, 2 A. 2d 727; Kennelly v. Waropoyak, 266 Pa. 94, 109 A. 608; Harmer v. American Railway Express Co., 269 Pa. 271, 112 A. 449; or because the trial judge on the facts would have arrived at a different conclusion: Donnelly v. Pennsylvania Co., 252 Pa. 175, 97 A. 272; and see 20 R.C.L., New Trial, §§55-61'. The Decker case, supra, is cited with approval in Springer v. Allegheny County, 401 Pa. 557, 561".

The Court, in granting a new trial, in light of the evidence herein, committed a clear abuse of discretion. *Chambers v. Montgomery*, supra.

Judgment n.o.v. and order granting new trial reversed, and judgments here entered on the verdicts of the jury.