Lenhart *v.* Commonwealth, Appellant.

Argued October 1, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George W. Keitel,* Deputy Attorney General, with him *C. L. Shaver* and *Claude T. Reno,* Attorney General, for appellant.

*Paul E. C. Fike,* for appellee.

OPINION BY MR. JUSTICE PARKER, November 23, 1942:

This is an appeal from a judgment of a court of common pleas awarding damages to the plaintiff for land taken in improving State Highway Route No. 50. The question involved is whether loss of business due to a diversion of traffic was under the circumstances an element to be considered in determining the damages due the land owner. The case is ruled by *Johnson's Petition,* 344 Pa. 5, 23 A. 2d 880, and must be reversed.

For the purpose of re-locating a portion of the state highway, the Commonwealth appropriated a strip of land 1,650 feet in length of varying width and containing 2.1456 acres, part of 41 acres owned by plaintiff. There were on the premises a frame dwelling house, used as a restaurant and service station, three tourist cabins and garages, facing the old road. The facts in the Johnson case differed from those in this case in that in this case one of the points of departure of the new from the old road was located on plaintiff's land, while in that one both points of departure were beyond the claimant's land. This plaintiff admitted that the taking by the Com-

monwealth did not interfere in any manner with any of his buildings, that it did not separate any of the buildings from each other, that it did not interfere with access to those buildings and that one could get to the buildings now as well or better than before the re-location and that the land taken was not needed in the business. He could well do so for the road on which the buildings faced remained as it had been and the new road was in the rear of those buildings and 700 feet distant therefrom.

The controlling principle on which the Johnson case was grounded was that the measure of damages where there has been an actual taking is the difference in market value before and after the taking *as affected by the taking*. Diversion of traffic and consequent loss of business occurred at the same time as the taking but they were not affected by the taking. Incidentally, as we there said: (p. 10) "The owner of land abutting on a highway has no property or other vested right in the continuance of a certain amount of traffic over that highway so long as he is not deprived of ingress and egress. Here the diversion of traffic was not due to the taking of appellee's land, but was occasioned by the laying out of a new road which attracted the public. . . . In any event, the consequences here were too far removed from the taking to form the basis of a claim of legal injury." While in the Johnson case we mentioned the fact that both points of departure were beyond the claimant's land that was not a controlling fact and does not affect the underlying principle.

The testimony as to damages given by plaintiff's witnesses showed that they included in their estimate of damages a large proportion of value for loss of business due to diversion of traffic. The court below in its charge and by rejecting defendant's points advised the jury that such elements were entitled to be taken into consideration under the circumstances. This was clear error.

Judgment reversed and a venire facias de novo awarded.