St. Clair Cemetery Association *v.* Commonwealth,
Appellant.

Argued October 1, 1957. Before JONES, C. J., BELL,
CHIDSEY, ARNOLD and JONES, JJ.

*Fred B. Trescher,* with him *A. Frank Steiner, Joseph L. Donnelly,* Deputy Attorney General, *George M. O'Horo,* Special Deputy Attorney General, and *John R. Ressolla, Jr.,* Counsel, Department of Highways, for appellant.

*James Gregg,* with him *Vincent R. Smith, A. M. Nichols* and *Portser, Gregg & Nichols,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 11, 1957:

This is an eminent domain proceeding in which the Commonwealth appeals from the award of a new trial after a jury's verdict for plaintiff-landowner in the amount of $23,968 inclusive of interest for detention.

In the reconstruction and relocation of the Lincoln Highway near Greensburg the Commonwealth appropriated from plaintiff's cemetery tract of some 150 acres, .59 acres for right of way and .35 acres for slopes and fills. The portion so taken was not contemplated for use for cemetery purposes, but had located thereon a very old home without modern conveniences, used rent-free by the sexton as a dwelling. Also located thereon is a well which provides water for drinking and other purposes. The Commonwealth relocated the highway in such a manner that there was no longer viewable from the highway a beautiful and costly entrance to the cemetery. This entrance itself was not physically

affected by the taking, and access thereto remained as before because the old road was taken over and maintained as a township road.

There was much divergence of opinion as to damage resulting from the appropriation—plaintiff's witnesses to loss varying from $300,000 to $400,000, and defendant's witnesses testifying to loss in value from $11,000 to $15,000. As heretofore stated, the jury returned a verdict of $23,968, which included interest for detention for a period of some 4 years.

Much of plaintiff's testimony was directed to the relocation's effect upon accessibility to the entrance and the need for establishing a new entrance along the highway, which would again provide public view. In granting a new trial, the court below assumes absence of trial error but was much concerned about the relocation's effect on the entrance, and concludes that the extreme disparity in values given by the experts ". . . left this jury with much uncertainty of mind as to a true factual basis upon which to apply the rule of law for assessing the damages". A fair appraisal of the court's opinion leaves no question that this was the sole reason for awarding a new trial; but our review of the case satisfies us that this position is not maintainable.

It is the rule, rather than the exception, that in eminent domain proceedings the opinions of the experts, as well as the parties, are quite divergent on the questions of value and loss. Most of the evidence in this respect being opinion evidence, it necessarily must be left to the fact-finding body, under proper instructions, to arrive at a just conclusion of market values before and after the taking. In the instant case, the elements of damage were ably and clearly presented to the jury in the testimony, the case was free of trial error, the court's charge was fully instructive and complete, and

the verdict should not be interfered with by the court.

It is not at all uncommon for juries in these cases to reject the estimates of value on both sides and to come to their own fair conclusion of loss suffered. For example, in *Lutz v. Allegheny County*, 327 Pa. 587, 195 A. 1, we sustained a verdict and judgment for $33,000. Yet, the viewers had awarded $24,625; on a first trial the jury had given $40,000; plaintiffs' witnesses had testified to values varying between $107,400 and $136,314; and the defendant's testimony as to loss varied between $15,500 and $20,000. The disparity in estimates certainly cannot of itself be used as a basis for new trial. Nor can the belief that the relocation diverted traffic from a view of the entrance affect the situation: *Lenhart v. Commonwealth*, 345 Pa. 528, 29 A. 2d 22; *Johnson's Petition*, 344 Pa. 5, 23 A. 2d 880.

Considering all of the testimony—particularly that the land was not intended for development for cemetery purposes; that the house was of little value; that, by plaintiff's own declarations, "with respect to loss of sufficient water [the testimony] is [not] strong enough . . . to find any loss in value after"; and that it did not ". . . want this jury making any loss as to the coal [underlying the land appropriated]"—we find no basis for the court's action.

Plaintiff urges upon this Court that the award of new trial was in the court's discretion and should not be reversed. But, we conclude, the court's basis for the award was not founded upon fact nor law, was therefore an abuse of its discretion, and must be reversed. Ordinarily we will not disturb the action of a court below in awarding a new trial; but "it is the duty of this Court to review and determine whether there has been an abuse of discretion": *Decker v. Kulesza*, 369 Pa. 259, 263, 85 A. 2d 413. Where the jury's verdict is supported by the evidence, as here, it will be upheld, and

the order awarding new trial will be reversed. See *Jones v. Williams,* 358 Pa. 559, 58 A. 2d 57. See *City Prodducts Corporation v. Bennett Brothers,* 390 Pa. 398, 135 A. 2d 924.

Order reversed, verdict reinstated and judgment entered thereon.