## City Products Corporation *v.* Bennett Brothers, Appellant.

Argued September 30, 1957. Before Jones, C. J., Bell, Chidsey, Arnold, Jones and Cohen, JJ.

400

*William A. Challener, Jr.,* for appellant.

*J. Thomas Hoffman,* with him *William J. Lappe* and *Stone & McCandless,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 11, 1957:

In this action of assumpsit (sounding in tort) the jury returned a verdict for defendant and the court entered judgment thereon after refusal of plaintiff's motion for new trial. One of court en banc having died before the opinion was rendered, the judgment was set aside and a reargument had. New trial was then awarded, and defendant now appeals. The award of new trial was on the ground that "the ends of justice require that this case be tried a second time"; although the court observed in its opinion that "We also believe, which we agree is nothing but dictum, that the verdict of the jury was capricious."

The only evidence was that of plaintiff; but the verdict was for the defendant. From an examination of the record, we conclude that the action of the court below in awarding a new trial must be held to be an abuse of its discretion.

"Where the *reason assigned* for the grant of a new trial involves the exercise of discretion, ordinarily the order of the trial court will not be interfered with, in the absence of palpable abuse of power: Class & Nachod

Brewing Co. v. Giacobello, 277 Pa. 530, 121 A. 333, cited with approval in Belletiere v. Philadelphia, supra. But as stated by Chief Justice MAXEY in Jones v. Williams et al., 358 Pa. 559, 58 A. 2d 57, p. 564: 'While this Court usually supports the action of the trial court in granting or refusing a new trial we do not entirely abdicate our reviewing functions in such cases. This Court, too, has the duty to determine from the record whether or not the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative so that right may be given another opportunity to prevail.' This quotation was repeated with approval in Decker v. Kulesza, 369 Pa. 259, 263, 85 A. 2d 413. . . .

"It is only where such discretion has been exercised capriciously, arbitrarily, improvidently or has been palpably abused that we will reverse. A trial court, however, must give reasons for its action, otherwise an appellate court would be unable to review such action. Mere conclusions such as 'interests of justice' are insufficient. All judicial process necessarily is in the interest of justice. Such conclusion, in the absence of amplification, could well serve as a cloak or shield for abused judicial discretion.

"Since the learned court below in the present case failed to give its reasons for granting defendant's motion for new trial, stating only its conclusion that 'the interests of justice require a retrial', we are obliged to examine the entire record to determine whether any valid reason exists for disturbing the jury's verdict: Belletiere v. Philadelphia, 367 Pa. 638, 81 A. 2d 857; Carroll v. Pittsburgh, 368 Pa. 436, 84 A. 2d 505; Decker v. Kulesza, 369 Pa. 259, 85 A. 2d 413." *Beal v. Reading Company,* 370 Pa. 45, 48, 49, 87 A. 2d 214.

The issue was purely one of fact, and was for the jury alone to determine. We cannot say that its find-

ing was capricious; but that it was supportable by the evidence, and should be upheld. Merely because this Court, or the court below, might have found differently is not sufficient for disregarding the jury's action. The case, as will be shown, was fairly tried, and the jury properly left to its own conclusion.

Under written contract therefor, defendant was engaged in removing cork-covered steel tanks from plaintiff's building. To do so it was necessary to cut the tanks through the use of acetylene torches. The work was begun in February, 1952, and continued until a fire destroyed the building on April 4, 1952. All evidence as to cause of the fire was oral, and circumstantial, but plaintiff contended and sought to prove that it resulted from defendant's negligence. Although the fire started in the room where defendant had been working, the last time that that work was done in the area of origin of the fire was two days before the fire occurred. Plaintiff offered proof that cork was of such composition that, ignited, it would smolder for long periods before bursting into flame. The testimony also brought out the fact, that contained in the same room was other equipment of plaintiff, in use and supervised by plaintiff. There was no proof of improper use of the acetylene torches, but plaintiff sought to establish that defendant did not use proper precautions to avoid fire.

In support of its motion for new trial, plaintiff contended that the court erred in its charge on circumstantial evidence and in rejecting proof of similar occurrences in defendant's past work, as well as a proposal which preceded execution of the contract. It further contended that exclusive control was in defendant, which did not meet the burden of exculpating itself from fault.

We declared in *Connor v. Hawk,* 387 Pa. 480, 482, 483, 128 A. 2d 566 : "To establish negligence by circumstantial evidence, the circumstances must be ' " so strong as to preclude the possibility of injury in any other way and provide as the *only* reasonable inference the conclusion" that the [accident] was caused by the negligence of defendant in the manner alleged' ". . . . This was modified by the declaration that "it is sufficient if the evidence satisfies reasonable and well balanced minds that defendant's negligence was the cause." In its charge in this respect, the court below was definitely not in error. To the contrary, its charge was almost verbatim as stated in *Connor v. Hawk,* supra.[1] The evidence here was definitely not sufficient to preclude that the fire resulted from a cause other than defendant's acts; nor does the evidence satisfy a reasonable mind that defendant caused it.

Plaintiff's next complaint was that the trial judge improperly excluded proof that fires had occurred on other, unconnected, jobs of defendant. But, there was no testimony of similarity nor of causation. The fires could have been created by causes wholly foreign to the one plaintiff sought to establish, and would have presented to the jury "a multitude of collateral inquiries, calculated to confuse and embarrass them": See *Fer-*

---

[1] The charge, inter alia, was: "Circumstantial evidence, to warrant a verdict, must be so strong as to preclude the possibility of injury in any other way, and provide as the only reasonable inference the conclusion for which the contention is made . . . Since proof to a degree of absolute certainty is rarely obtainable in any alleged factual controversy, the law requires only that the evidence as to the operative cause of the accident be enough to satisfy reasonable and well balanced minds that it is the one on which the plaintiff relies . . . It is not the rule that circumstantial evidence to establish negligence need exclude everything that the ingenuity of counsel may suggest as having possibly caused or contributed to the injuries or death."

reira v. Wilson Borough, 344 Pa. 567, 26 A. 2d 342. We conclude, upon review of the testimony in this case, that the court was well within its right in excluding the testimony as to other occurrences disassociated from the instant inquiry.

A proposal made prior to execution of the contract provided that "extreme care and caution to be exercised at all times by each employee and constant supervision by competent person or persons of Bennett Bros. Inc. [would be supplied]." The court below correctly excluded it, as well as proof that defendant had provided a night watchman in the early stages of the work. Not only was all testimony in respect to the work and its supervision admitted, but the proposal must be taken to have been superseded by the contract: *Buffington v. Buffington*, 378 Pa. 149, 106 A. 2d 229. There was no testimony to establish improper supervision, nor that a night watchman was necessary or was required by the contract governing the parties. Further, the jury was warranted in finding that the premises were not under the exclusive control of defendant, and that the fire did not start as a result of any action of defendant. The cause, under all the circumstances of this case, could have been from a number of factors other than defendant's acts—at least, the issue was for determination by the jury alone, and its verdict should not be disturbed.

We must conclude that the action of the court below was a palpable abuse of its discretion, the finding of the jury as to cause not having been against the weight of the evidence but supported by it; and "the ends of justice [do not] require that this case be tried a second time."

Order granting new trial reversed; and judgment entered for defendant.