CASE 103—ACTION BY W. T. McCULLOUGH AGAINST CLIFFORD SHINKLE
FOR PERSONAL INJURIES.—DEC. 3.

# Shinkle v. McCullough.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

HIGHWAYS—NEGLIGENCE—AUTOMOBILES FRIGHTENING HORSES— EX-
CESSIVE SPEED—INSTRUCTIONS.

Held: 1. In an action for injuries sustained by plaintiff by his
horse having been frightened by defendant's automobile, which
it was alleged was running at an excessive speed, defendant
and another witness testified that the operation of the machine
was always accompanied by noise. The court instructed that
if defendant was operating the automobile at a high rate of
speed, and because thereof, or because of such speed together
with the noise, the horse became frightened, and defendant's con-
duct in operating the automobile at such speed was negligence,
plaintiff was entitled to recover. HELD, that if there was any
error in the instruction, in that it authorized the jury to find
for plaintiff if they believed the horse became frightened either
at the speed or the noise, while fright by the noise was not
pleaded, it was not prejudicial.

2. In an action for injuries sustained by plaintiff because of his
horse having been frightened by defendant's automobile, which
was running at an excessive speed, evidence of a statement al-
leged to have been made by defendant on the trial in justice's
court in an action for repairs to the buggy injured in the ac-
cident complained of, to the effect that he considered himself
responsible for the accident, was admissible as tending to con-
tradict defendant's testimony on the trial to the effect that he
had not been guilty of negligence.

3. Where one operating an automobile on a public highway knew,
or by the exercise of ordinary care could have known, that the
machine had so far excited a horse as to render him unman-
ageable, it was his duty to stop and take steps such as pru-
dence might suggest.

4. Where, in an action for injuries sustained by plaintiff by his
horse having been frightened by defendant's automobile, the
testimony showed that, in addition to superficial bruises, the

vision of one of plaintiff's eyes had been permanently and seriously impaired, a verdict for $1,020 was not excessive.

W. A. PRICE, ATTORNEY FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. Instruction to the jury. By instruction No. 2, the court submitted to the jury the question, not made by the pleadings, as to whether appellee's horse became frightened by the noise emanating from the automobile, and thereby caused the injury, which was error and prejudicial to appellant. Sandy River & Cannel Coal Co. v. Caudill, 21 Ky. Law Rep., 1647; Purdom v. Brussels, 23 Ky. Law Rep., 1796; South Cov. & Cin. St. Ry. Co. v. Suroh, 23 Ky. Law Rep., 1807; McCain v. L. & N. R. R. Co., 13 Ky. Law Rep., 809; Greer v. L. & N. R. R. Co., 94 Ky., 169; L. & N. R. R. Co. v. McGary's Admr., 104 Ky., 509.

By the same instruction an issue not supported by the proof was submitted to the jury, viz.: As to whether the horse became frightened at the automobile by reason of its speed.

2. Evidence—Admissions. The court permitted to go to the jury testimony as to an alleged admission by appellant, which was a statement that contained no fact whatsoever, but which at best was a mere conjecture or opinion upon the facts observed. Greenleaf on Evidence, (15th ed.), sec. 440 and notes, sec. 203; Jones v. Commonwealth, 20 Ky. Law Rep., 356; Collins v. Commonwealth, 12 Bush, 272; Pace v. Commonwealth, 89 Ky., 204; Starr v. Commonwealth, 97 Ky., 193; Henderson v. Commonwealth, 5 Ky. Law Rep., 244; Luker v. Commonwealth, 9 Ky. Law Rep., 385; Owens v. Commonwealth, 22 Ky. Law Rep., 514.

3. Excessive damages. The verdict is excessive in the absence of any testimony as to appellee's earning capacity, and the failure upon his part to prove that the injury to his eye resulted from the injury complained of.

JOHN W. HENVER AND M. H. McLEAN FOR APPELLEE.

### SUMMARY.

We submit:

1. That driving an automobile at an immoderate and dangerous rate of speed along the public highways is actionable negligence.

2. Where, by fast and reckless driving of the appellant, of

Shinkle v. McCullough.

his automobile, the appellee's horse was frightened and turned over his buggy, severely injuring him by throwing him to the ground causing his head to strike on the roadway, bruising him and causing permanent injury to his right eye, that a verdict of a properly instructed jury awarding him $1,020 in damages is not excessive.

### AUTHORITIES CITED.

Law of the case. Speed. Payne v. Smith, 4 Dana, 498; Thomas' Admr. v. Royster, 98 Ky., 206; Elliiot on Roads, sec. 839. As applied to novel vehicles: Atkinson v. Ill. Milk Co., 44 Mo. App., p. 156; Bennett v. Lovell, 12 R. I., 166; Macomber v. Nicholls, 34 Mich., 212; Mason v. West, 70 N. Y. Suppl., 478. Instructions and pleadings. Chitty on Pleading, vol. 1, sec. 673; Bliss on Code Pleading, ch. on Intendment after Verdict; Tye v. Catchings, 78 Ky., 463. As to construction. Lou. Trust Co. v. Lou. Fireproof Co., 22 Ky. Law Rep., 436; Daniel v. Holland, 4 J. J. M., 18; Wilson v. Hunt's Admr., 6 B. M., 379; Rogers v. Felton, Receiver, 98 Ky., 150; Cin., &c. R. R. Co. v. Barker, et al., 94 Ky., 79; Brown v. Brady, 10 Ky. Law Rep., 280. Excessive damages. Alexander v. Humber, 86 Ky., 570; Mays. & Lex. R. R. Co. v. Herrick, 13 Bush, 127; Alexander v. Menefee, 23 Ky. Law Rep., 1151; Thurston v. Martin, 22 Ky. Law Rep., 781. Instruction No. 7. Damages. Sedgwick on Damages, sec. 45; Alexander v. Humbert, 86 Ky., 570; Klutts v. St. L., Iron Mt. & Sou. R. R. Co., 75 Mo., 644; Ency. Plead. & Prac., vol. 11, pp. 127, 128, 129, 181 and cases there cited. Admissions. Greenleaf on Evidence, sec. 169, p. 244; Ibid, sec. 191, p. 266; Ibid. sec. 194, pp. 269-270; Mercer v. King, 15 Ky. Law Rep., 439; Greenleaf on Evidence, sec. 203. Dying declarations. Haney v. Com., 5 Ky. Law Rep., 178; Brock v. Com,, 92 Ky:, 183.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

Whilst the appellee, W. T. McCullough, was driving along a public highway leading from the city of Covington on the 29th of August, 1901, with two companions, he met the appellant, Clifford Shinkle, riding in an automobile. Appellee's horse became frightened at the automobile, and upset his vehicle, throwing him upon the turnpike road, inflicting injuries to his clothing and person, and permanently impair-

ing the vision in one eye. For these alleged injuries he instituted this action for damages, and alleged that the defendant, while in sight and approaching him, had recklessly and negligently propelled his automobile at a rapid and dangerous rate of speed up to and within twenty-five feet of his horse, notwithstanding the fact that he saw or could have seen, that plaintiff's horse had become frightened, and in disregard of repeated warnings to slacken his speed, and that by reason of defendant's refusal to heed these warnings his horse became frightened, and, in his efforts to escape, turned over his buggy, inflicting the injuries complained of. The defendant, in his answer, denied all the allegations of negligence recited in the petition, and pleaded contributory negligence. Upon the trial of the case before a jury, the testimony introduced by the plaintiff was to the effect that the defendant was traveling at a very high rate of speed (some of the witnesses put it at as high as twenty miles an hour) ; that the motive power was gasoline mixed with air, which made a noise, when the machine was in operation, which could be heard at a distance of about 200 feet; that as soon as the plaintiff's horse heard this noise it began to take fright, and plaintiff and those with him at once began to shout and signal to the defendant to slacken his speed, but that he failed and refused to do so until he had driven the automobile to within thirty or forty feet of plaintiff, by which time his horse became so unmanageable as to upset the buggy; that the defendant saw that the horse was frightened, and the plaintiff's peril. The testimony on the other hand was that the defendant saw the plaintiff for about 200 feet driving along, apparently paying no attention to the approach of the automobile, the horse being apparently perfectly quiet; that, when he got within about 100 feet of the plaintiff, the horse suddenly shied, upsetting the buggy in the middle of the road; and

that the defendant immediately slowed down his automobile, alighted therefrom, and went to assist the plaintiff. He also testified that the customary signal to slacken speed, by holding up the hand, was not given, and that as soon as he discovered the peril of plaintiff he stopped his machine, and that he was not going at exceeding six or seven miles an hour. The trial resulted in a verdict and judgment for the plaintiff for $1,020, and the defendant has appealed. He asks a reversal, first, for alleged errors in the second instruction, and also in the instruction defining the measure of damages.

Instruction No. 2 is as follows: "If the jury believe from all the evidence that, at the time and place of injury to plaintiff, the defendant was operating said automobile at a high rate of speed, and that because of said rate of speed, or because of said rate of speed together with the noise emanating from said automobile, the horse of plaintiff became frightened, and caused the injury to plaintiff, and if the jury further believe that the act of defendant in operating said automobile at a high rate of speed, if he did so operate it, was an act of negligence on the part of the defendant, the jury should find a verdict for the plaintiff." The complaint of this instruction is that it authorized the jury to find for the plaintiff if they believed that his horse became frightened either at the speed of the automobile, or at the speed and noise emanating therefrom; it being nowhere alleged in the pleadings that the horse was frightened by any noise. This instruction only authorized a recovery in the event the jury found from the evidence that the automobile had been operated at a high rate of speed, although the horse may have been alarmed not only by the high rate of speed at which the machine approached, but also at the noise emanating therefrom. Besides, appellant himself testified that the op-

eration of the machine was always accompanied by noise, and upon cross-examination the witness Hanauer testified to the same effect; and the only noise spoken of in the instruction was that which was incident to the running of the automobile. The error in the instruction, if it was in fact an error, was not, in our opininon, prejudicial to the defendant.

The instruction defining the measure of damage is not objectionable. In fact, it has been approved by this court in substantially the form in which it was given in this case in numerous cases.

Appellant also complains that the trial court erred in permitting appellee to prove a statement alleged to have been made by him upon the trial in a justice's court in an action on account for repairs to the buggy injured in this accident, to the effect that he considered himself responsible for the accident. To support this contention, we are referred to the note to section 44 of 1 Greenleaf on Evidence, in which the editor says that: "Opinion evidence of this character is only allowed when from the nature of the case the facts can not be stated or described to the jury in such manner as to enable them to form an accurate judgment thereof, and no better evidence than such opinion is attainable." The author, in the section referred to, was discussing the competency of expert testimony. We think this testimony was competent as an admission of defendant, because it tended to contradict the testimony of the defendant given upon the trial of the case to the effect that he had not been guilty of any negligence which superinduced the accident complained of.

While automobiles are a lawful means of conveyance, and have equal rights upon the public roads with horses and carriages, their use should be accompanied with that degree of

prudence in management, and consideration for the rights of others, which is consistent with their safety. If, as the jury found by their verdict, appellant knew, or could have known by the exercise of ordinary care, that the machine in his possession and under his control had so far excited appellee's horse as to render him dangerous and unmanageable, it was his duty to have stopped his automobile, and taken such other steps for appellee's safety as ordinary prudence might suggest.

Appellant also complains that the verdict is excessive. The testimony shows, that, in addition to the mere superficial bruises received by appellant, there has been a permanent and serious loss in the vision of one of his eyes, as the result of a severe cut and bruise immediately over it, received at the time of the accident. It is impossible for us to determine the extent of pecuniary loss which may accrue to appellee from an injury of this character, not to speak of the pain and suffering and inconvenience resulting therefrom. This was a question for the jury, and there was abundant testimony on this point to support their finding.

For reasons indicated, the judgment is affirmed.