Monaco, Appellant, *v.* Gula.

Argued March 19, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Emanuel Goldberg,* for appellant.

*Arthur G. Stein,* with him *Stein & Winters,* for appellee.

Opinion by Mr. Justice Cohen, May 21, 1962:

These are appeals from the entry of judgments for the defendant-appellee, Gula, following the refusal of the court below to grant plaintiffs' motions for a new trial after the jury returned a verdict in defendant's favor.

The main issue raised herein may be stated as follows: Did the lower court commit reversible error by excluding from evidence a statement made by the appellee in an additional defendant complaint, since withdrawn, which contradicts testimony which he subsequently gave at trial?

The relevant facts may be summarized as follows: Rose L. Monaco, plaintiff-appellant, sustained injuries when a car driven by defendant collided with the rear of an automobile in which she was a passenger. After appellants, Rose L. Monaco and her husband, Michael A. Monaco, commenced their trespass actions against appellee, he brought in the driver of the automobile in which appellant was riding as an additional defendant, averring that the accident was caused solely by the additional defendant making a sudden stop without warning. Prior to trial, appellee withdrew this complaint.

At the trial, appellee testified, contrary to his sworn pleading in the withdrawn complaint against the additional defendant, that the accident was caused solely by the skidding of his car into the rear of the other vehicle as a result of the slippery condition of the highway.

The trial court ruled that the prior statement contained in the complaint against the additional defendant was inadmissible for any purpose and refused to

permit appellants to offer it in evidence. The propriety of this ruling is here before us.

Two recent decisions of Justice EAGEN are determinative of the problem herein involved—*Beardsley v. Weaver,* 402 Pa. 130, 166 A. 2d 529 (1961), and *Geelen v. Pennsylvania Railroad Co.,* 400 Pa. 240, 161 A. 2d 595 (1960). Both cases advance the proposition that a prior statement made by a party to a suit which contradicts the testimony of that party at trial as to the cause of an accident is admissible in evidence. Not only is the statement substantive evidence of the matter under inquiry, and, therefore, worthy of the jury's consideration, but, in addition, it may be used to impeach the credibility of the party, and, toward this end, opposing counsel may cross-examine the party on the allegations contained therein.

Accordingly, the lower court erred when it did not permit appellants' counsel to introduce the withdrawn complaint for either of these two purposes.

Judgments reversed and a new trial granted.