Keeler *v.* Bair, Appellant.

Argued April 18, 1962.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Frederick O. Brubaker,* for appellants.

*Raymond C. Schlegel,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 21, 1962:
The plaintiff in this case, Mildred J. Keeler, brought
an action of trespass against the defendants, Harry N.
Bair and Joyce M. Bair, his wife, averring that on the
night of April 26, 1959, in darkness and rain, while
walking over the pavement in front of the property of
the defendants, she fell and was injured.   She alleged
that her fall was due to the fact that a slab of con-
crete in the sidewalk tilted 5 inches above the general
level of the pavement, causing a dangerous condition
which, at night, was not visible.   She asserted that this
condition was known to the defendant.

The case came on for trial in the Court of Common
Pleas of Berks County, and, after the taking of testi-
mony, the summations of the attorneys, and the charge
of the court, the jury returned a verdict which carried
the following wording: "Negligence on both sides on
account of no eyewitness to accident."

The trial judge accepted the verdict but later declared it defective and ordered a new trial. The defendants have appealed, contending that the verdict was proper and that it indicated that the jury concluded the plaintiff had not proved that the defendant was responsible for the accident.

The defendants submit in addition that plaintiff's counsel did not ask the court to "modify the verdict," and argue that "To sit back and accept the verdict which the jury returned, make no application for the Court to return the jury and thereafter to seek a new trial can in no sense be interpreted as being in the interest of justice."

While trials are adversary proceedings, this does not mean that a palpable error cannot be corrected merely because one of the parties does not ask for the correction. Things can happen in a trial which themselves proclaim irregularity and therefore do not need official acknowledgment of their imperfection. If a witness is irresponsibly intoxicated or a juror becomes seriously ill, it does not matter whether one of the attorneys asks for withdrawal of the witness or calls attention to the disabled juror—the Judge himself *sua sponte* takes the action the situation obviously demands. When a verdict is clearly irresponsive to the issues involved the Judge may send the jury back for reconsideration or declare a mistrial, entirely independent of the attitude of the lawyers.

The verdict in this case was so patently insupportable in law that no silence on the part of plaintiff's counsel could work an acceptance of it, and no statement by defendants' counsel could cure its irremediable infirmities. The jury was clearly of the impression that the plaintiff could not recover because there were no eyewitnesses to the accident. To accept such a proposition in Court, would be to wipe out of the body of the law thousands of decisions based on circumstantial evidence.

Circumstantial evidence, as this Court has stated on innumerable occasions, can be as reliable as eyewitness testimony when the circumstances so concatenate and so dovetail as to squeeze out mere guesswork and sheer speculation. It is quite evident that the jury in this case did not understand this realism and therefore, they applied an incorrect standard in appraising the facts testified to at the trial.

The plaintiff said that after she fell with a fractured ankle and other injuries, she crawled to the house of a neighbor for assistance. This neighbor testified that when the plaintiff appeared she was in a dazed condition and that he saw her injured foot had swollen to twice its normal size. He also testified that he was thoroughly familiar with the offending slab over which the plaintiff said she had stumbled, that it had been elevated because of a growing tree which lifted the concrete, and that this condition, in its aggravated form, had existed for at least six months prior to the accident.

Photographs introduced at the trial portrayed the condition of the sidewalk as vividly or more so than any person could orally describe it. Although a camera does not qualify as an eyewitness, it cannot be gainsaid that the photographic eye can often catch more than the casual optical sweep of the average human being. In any event, photographs are evidence which cannot be put aside cavalierly as apparently the jury did in this case.

Of course, the jury could have found, even considering the circumstantial evidence, that the plaintiff had not made out a case but they could not, consonant with fundamental law, conclude that the plaintiff had failed to carry her burden of proof simply because there was no one standing by her when she fell and could come into court to describe how and why she sprawled her length on the sidewalk.

As we have indicated in numerous cases there are many ways of reconstructing an untoward happening, despite the absence of a living person to recount from personal experience just how nature's laws acted to produce the event which is now the subject of litigation. This Court said in *Newsome v. Baker*, 395 Pa. 99, 101: "It is a reassuring fact, in the phenomena of life, that most mishaps, which are not witnessed by reportable human beings, leave behind them physical writings which clearly spell out the reason for the untoward event, and when those writings conclude with a precise, unerring explanation of the event, it would be a defiance of the law of cause and effect to ignore the explanation. It is one of the oddities in human affairs that there still exists the notion that circumstantial evidence cannot be as convincing as oral testimony. But a broken wheel with splintered spokes can tell its story of a weakened structure as clearly as it can be told by one who saw the wheel failing and disintegrating. A buckled fender, a pulverized curb, a fragmentized window glass may speak of violence as eloquently as any gifted narrator or writer. We said in Sarnak v. Cehula, 393 Pa. 5, 7, that 'physical objects and markings, under certain circumstances, may speak with a tongue more eloquently convincing than that of any human being.' "

The action of the court below in requiring a new trial was imperatively demanded, and its order is, therefore, affirmed.