## Lindner *v.* Friedel, Appellant.

Argued March 20, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles F. Dean,* for appellant.

*Samuel L. Goldstein,* with him *Suto, Goldstein, Balzarini & Walsh,* for appellees.

Opinion by Mr. Justice Musmanno, June 1, 1964:

Gary Lindner, 6½ years of age, was crossing, between intersections, a street in Pittsburgh when he was struck by an automobile belonging to the defendant. The defendant had an unobstructed view of the street ahead of him and was 240 feet away from the child when the latter started across the street. It was a clear day. No possible reason could be advanced for failure on the part of the defendant to see the boy ahead of him. Nor did the defendant take the stand to explain why his vision did not catch the child in his path. The accident occurred in the vicinity of a playground where the defendant could expect children to appear.

The child, through his parents, and his parents, in their own right, sued the defendant and recovered a money verdict. The defendant filed a motion for judgment n.o.v. and a new trial. The Court said: "In this case, there is no question but what it was the rear right wheel of the defendant's car which came to rest upon Gary Lindner and inflicted damages. In addition, defendant's failure to testify may indicate his actual culpability."

The court thus properly refused judgment n.o.v., but inexplicably ordered a new trial. It did not say that the verdict was against the weight of the evidence, that it constituted a miscarriage of justice or that it shocked the conscience of the court. It merely stated that the evidence did not prove that the defendant was negligent. It argued that the car which the minor plaintiff saw before he committed himself to crossing the street could have been a car other than the one which ran him down. This is an argument in vacuo. It does not matter whether the car which the child saw at the intersection was the defendant's car or not if the jury found that the defendant, in sparkling daylight, collided with a boy who was within his range of vision and whom he could have avoided striking if he had had his car under proper control. In *Schneider v. Sheldon*, 380 Pa. 360, this Court said: " 'Where an automobile driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision.' "

A trial court may not refuse judgment n.o.v. on the ground that there is evidence to support the charge of defendant's negligence, and then order a new trial, stating that there was no such evidence or that it was insufficient to support a verdict.

A court, once refusing judgment n.o.v., may not, in the spirit of a consolatory prize, offer a new trial to a discomfitted litigant. A new trial is a serious business. It involves great expenditure of time, money, and nervous tension. In addition, it throws into jeopardy a verdict won at the assizes of law, fact and justice. It has not been asserted that there was any trial error committed or that any improper influence was brought to bear on the jury's deliberations.

The record establishes that the jury was justified in reaching the verdict it rendered, and that the ordering of a new trial was an abuse of discretion.

Reversed with direction that judgment be entered on the verdicts.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent. I would enter judgment non obstante veredicto on the ground that plaintiff proved only that an accident occurred, and utterly failed to sustain his burden of proving by a fair preponderance of the evidence that defendant was negligent.

Mr. Justice JONES joins in this dissenting opinion.