## Imbrescia v. Charleroi Borough Authority et al., Appellants.

372

Argued November 15, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

B. *Patrick Costello*, with him *Blair A. Griffith*, and *Smith, Best, Williams, Costello & Snyder*, for appellants.

*Orlando N. Prosperi*, with him *Gilfert M. Mihalich*, for appellees.

OPINION BY MONTGOMERY, J., December 14, 1967:

This was an action of trespass by Stella Imbrescia and her husband to recover for injuries received by the wife-plaintiff when she fell on a water box cover, or round iron lid, in the crossway of the street in the City of Monessen, Westmoreland County, Pennsylvania. The

City of Monessen and the Authority of the Borough of Charleroi, owner of the water box cover, were joined as defendants.

After a five-day trial the jury returned a verdict for defendants, and on each of the verdict slips stated, "This was a mere accident in which there was no negligence."

The court en banc, in an opinion by President Judge WEISS, concurred in by Judge RIAL, the trial Judge SCULCO dissenting, granted a new trial on a point not raised in the briefs or oral argument. The sole basis for granting a new trial was that certain questions asked, and answers given by the jury, "showed a fundamental lack of understanding" by the jury of the issues involved, in that they "did not know that verdicts could properly be rendered on behalf of defendants." The jury first inquired whether the city had a law as to the height and depth of water caps in relation to the street level to which the court gave a proper reply. After five hours of deliberation the jury presented two additional questions, (1) "Can there be a decision where no one is negligent or liable?", and (2) "How do we rule if this is the case?" The trial judge answered the first question in the affirmative, and on the second stated, "the mere happening of an accident does not entitle a person to a verdict in his or her favor", adding, "If you find that there is no negligence, you must find for the defendants."

The accident took place in daylight, about 11 a.m., the morning of October 21, 1961. Plaintiff Stella Imbrescia testified she started to walk across Knox Avenue on the west side of Sixth Street. She walked to her left to avoid some dark-looking debris. As she put her left foot down she felt a slight skid and raised the left foot to avoid the skid. When she again put her left foot down she stepped on an eight inch in diameter, round water box cover or lid that was depressed and

worn smooth. She was thrown forward onto the street, fracturing her left knee, with resultant aggravation of a rare blood disease. After her fall she discovered bits of rind on her heel about the size of the top of a pencil eraser. According to her estimates, the outer rim of the box cover was an inch below the surface of the road, and the center part some three-fourths of an inch lower.

Plaintiffs called Mr. Darby, Superintendent of the Water Authority, as on cross-examination, who stated the water cap was smooth at the time. The covers were recessed to avoid road scrapers and the center of the lid was three-eighths of an inch deep. The lid had been on location since 1914. Plaintiff also called Mr. Sturtz, designer for the company making water covers similar to the one here involved. He testified these covers have cleats or an abrasive surface to provide traction, although some were made smooth. The city engineer for Monessen testified he never received any complaints as to the water cap involved, although the street sweeper, street commissioner, and school policeman were in that area on occasion before the accident.

In a charge covering forty pages the court summarized the testimony and covered thoroughly all the legal principles involved, including a definition of negligence and contributory negligence as applied to this case. The court submitted to the jury the question of whether there was such a depression in the water box cover to amount to a defective condition of which the defendants had notice. Plaintiffs' counsel objected to an alleged overemphasis in the charge on contributory negligence. However, in granting a new trial here the court en banc held that the charge of the court was free from all errors alleged by counsel for plaintiffs. The court en banc granted a new trial *solely* on the ground that the jury failed to comprehend the issues submitted to them, simply because the jury asked, after

long deliberation, whether a decision could be rendered where no negligence was shown.

Clearly a new trial may be granted where the jury by its verdict shows confusion and a lack of understanding of the issues involved, as in *Keeler v. Bair,* 407 Pa. 335, 180 A. 2d 914 (1962), where the jury returned a verdict for defendant, stating, "Negligence on both sides on account of no eyewitness to accident." However, a new trial will not be granted merely because of a conflict of testimony, *Pritts v. Wigle,* 414 Pa. 309, 200 A. 2d 386 (1964), or where there is nothing to indicate that the jury was confused or failed to understand the issues involved. *Decker v. Kulesza,* 369 Pa. 259, 85 A. 2d 413 (1952).

The testimony here was conflicting on the question of defendants' negligence. Mrs. Imbrescia placed the worn center of the cap some three inches below the street level; Mr. Darby said the depression was only three-eighths of an inch. This presented a question to be resolved by the jury on the issue of defendants' negligence. While the award of a new trial is an inherent power of the court, its discretion in the matter is not absolute and is subject to appellate court review to determine whether there has been an abuse of discretion. *Decker v. Kulesza,* supra. We note especially that the trial judge, who was best able to determine whether the jury was confused, believed no new trial was necessary. The court en banc reviewed the charge and found no error therein, nor were any other trial errors alleged or proven.

The action of the jury, rather than showing a misunderstanding of the issues, reflects thorough consideration and deliberation and an abundance of caution. The record shows the jury fully considered the fundamental issue of defendants' negligence and rendered a verdict in their favor. The jury's verdict shows they clearly intended to find no negligence in the case. The

376

question asked as to the effect of a finding of no negligence, after five hours of deliberation, does not show unfairness or confusion. Having resolved the fundamental issue in the case, the jury's inquiry only showed a desire to be sure to render a verdict in proper form and according to law. The record amply supports the verdict for defendants reached by the jury, and the court en banc, in ordering a new trial, abused its discretion. Cf. *Lindner v. Friedel*, 414 Pa. 436, 200 A. 2d 771 (1964).

Order awarding a new trial is reversed and it is directed that judgment be entered on the jury's verdict for defendants.