Morton **LIPSHUTZ**, Administrator of the Estate of Arthur B. Jarrett, Jr., Deceased

v.

Roy **ULLMAN** and Florence Ullman, Husband and Wife and John Stoutenburgh, Jr. and John Stoutenburgh, Sr.

Civ. A. No. 38724.

United States District Court, E. D. Pennsylvania.

Oct. 13, 1969.

Robert M. Ross, Philadephia, Pa., for plaintiff.

James J. Binns, Daniel J. Ryan, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FULLAM, District Judge.

Plaintiff, the administrator of the estate of Arthur B. Jarrett, Jr., brought this action to recover damages under the Pennsylvania Wrongful Death Act, 12 Pa.Stat.Ann. § 1601, and the survival statute, 20 Pa.Stat.Ann. § 320.601. The decedent, a passenger in a car operated by John Stoutenburgh, Jr., died as a result of a collision between the defendants' vehicles. Stoutenburgh was proceeding north in the left lane of Old York Road, a six-lane highway divided by an 18-inch medial strip, when he lost control of his car, spun out, crossed the medial strip, and came to rest with the front half of his vehicle in the south-bound lane of Old York Road. Mrs. Ullman's vehicle coming south in the left lane of Old York Road, then collided with Stoutenburgh's car.

Crossclaims were filed by the defendants against each other. After hearing evidence on the liability issues only, the jury returned a verdict in favor of the plaintiff and against both defendants. Counsel then agreed upon entry of judgment in the sum of $45,000, reserving the right to pursue their post-trial remedies on the questions of liability. Presently before the Court are Ullman's motions for judgment n. o. v. and a new trial.

In support of her motion for a judgment n. o. v., the defendant Ullman contends that the evidence was legally insufficient to support the jury's finding that she was negligent, and that her negligence was a proximate cause of the accident. This contention must be rejected.

Viewing the facts in the light most favorable to plaintiff, and drawing all reasonable inferences therefrom, Rumsey v. Great Atlantic and Pacific Tea Co., Inc., 408 F.2d 89 (3rd Cir. 1969), the following facts emerge: the accident occurred at 11 o'clock in the evening on a

straight and level section of Old York Road; both cars had their lights on; Mrs. Ullman was traveling southwardly in the left-hand lane at 20 miles per hour; there were no vehicles to Mrs. Ullman's right; Mr. Stoutenburgh's car had come to a stop straddling the medial strip; and the accident occurred three to four seconds after Mr. Stoutenburgh's car came to a stop.

On these facts, it was within the jury's province to conclude that Mrs. Ullman was negligent, either in failing to see Mr. Stoutenburgh's precarious situation develop, in failing to see his vehicle during the three or four seconds it was stationary before the impact, or in failing to take evasive action. Linsenmeyer v. Straits, 402 Pa. 7, 166 A.2d 18 (1960) (and cases cited therein). Mrs. Ullman herself testified that although she was watching the road ahead, she did not see the Stoutenburgh vehicle at all until immediately before the impact. The jury might have accepted this testimony as entirely correct, and concluded that the other witnesses were in error in stating that the Stoutenburgh vehicle was stationary for three or four seconds before the impact. But the jury also had the right to disbelieve Mrs. Ullman, or to infer from her testimony that she was not being properly attentive.

The cases cited by the defendant, Hutchinson v. Follmer Trucking Co., 333 Pa. 424, 5 A.2d 182 (1939); Finnin v. Neubert, 378 Pa. 40, 105 A.2d 77 (1954); Gift v. Palmer, 392 Pa. 628, 141 A.2d 408 (1958) are inapposite. In these cases, plaintiffs were unable to introduce any evidence other than the happening of the accident. However, in the present case, the testimony of an eye-witness supplied a sufficient basis for the jury to picture the dynamics of the accident, and to conclude that Mrs. Ullman was negligent.

Defendant seeks a new trial on the related ground that the verdict was against the weight of the evidence. For the reasons mentioned above, I am not persuaded that the interests of justice require that a new trial should be granted.

Finally, the defendant seeks a new trial on the ground that the jury was improperly made aware of the fact that Mrs. Ullman was insured. Counsel for Mrs. Ullman attempted to impeach the non-party eye-witness, Mr. Leight, by questioning him about a prior inconsistent statement given to a man described by counsel as "my investigator." On cross-examination by counsel for Mr. Stoutenburgh, the following colloquy took place:

"MR. RYAN: This statement was taken at your home by someone representing Mrs. Ullman, is that correct?

"MR. BINNS: I am going to object to this recross examination.

"THE COURT: Objection overruled.

"BY MR. RYAN:

"Q. Someone came there and said they represented Mrs. Ullman.

"A. Yes, an insurance company." (N.T. 58–59)

It is clear that once a witness is impeached by a prior inconsistent statement, it is proper to question the scrivener, if he is called, relating to his interest in the litigation, O'Donnell v. Bachelor, 429 Pa. 498, 240 A.2d 484 (1968); Goodis v. Gimbel Bros., 420 Pa. 439, 218 A.2d 574 (1966), or to question the witness as to the affiliation of the person who took the statement from him. Fleischman v. City of Reading, 388 Pa. 183, 130 A.2d 429 (1957). However, in Beardsley v. Weaver, 402 Pa. 130, 166 A.2d 529 (1961), it was held that the above rule is not applicable where the witness identifies his signature, remembers making the statement, and confirms the fact that the written statement is in fact what he stated to the scrivener.

In the present case, Mr. Leight identified his signature and stated that he remembered giving a statement, but he did not agree that the written memoranda of his statement comported with the oral statement he gave the scrivener (N.T. 48–50). Thus, the Beardsley case is not controlling.

■ Moreover, there was here an additional reason for allowing cross-examination as to the affiliation of the scrivener. On direct examination, counsel for Mrs. Ullman had identified the witness as "my investigator." It was clearly proper to permit opposing counsel in cross-examination to clear up any misapprehension which may have been created in the minds of the jury as to the relationship of the scrivener to the litigation. O'Donnell v. Bachelor, *supra*; Fleischman v. Reading, *supra*.

### ORDER

And now, this 13th day of October, 1969, it is ordered that the motions of the defendant Florence Ullman for judgment n. o. v. and a new trial are denied.