Rosenson, Appellant, *v.* Lyle.

Argued October 1, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Emanuel Goldberg,* with him *George Schwartz,* for appellant.

*Herbert Bennett Conner,* with him *Theodore O. Struk,* and *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 9, 1970:

Appellant suffered personal injuries in a sidewalk fall and brought an action of trespass against appellee, the owner of the property where the fall allegedly took place. A jury trial resulted in a verdict for appellee and this appeal followed the refusal of appellant's motion for new trial and the entry of judgment on the verdict.

Several trial errors are alleged, the first of which involves appellant's efforts to introduce into evidence portions of the complaint. The complaint contained, *inter alia,* the following paragraphs:

"THIRD: On January 13, 1964, the Plaintiff HELEN ROSENSON, a pedestrian, was caused to fall and be injured by reason of the broken, defective, unsafe and dangerous condition of the sidewalk in front of the property which was located at No. 621 North Euclid Avenue in the said City of Pittsburgh, Allegheny County, Pennsylvania. The said sidewalk was a much travelled public thoroughfare.

"FOURTH: On said January 13, 1964, and for a long time prior to the said date, the Defendant owned, possessed and resided in said property, and had control of said sidewalk on which Plaintiff fell."

Appellee filed an answer which stated:

"1. The defendant denies the allegations of the third, fifth, and eighth numbered paragraphs of the plaintiff's Complaint insofar as it is there stated that

the said sidewalk existed in a 'broken, defective, unsafe and dangerous condition', and/or words of similar import contained in the aforesaid paragraphs, and demands proof thereof at the time of trial."

Appellant attempted to introduce the portion of paragraph third which indicated that her fall had taken place on the sidewalk in front of 621 North Euclid Avenue and all of paragraph fourth. Appellee's objection was sustained and she was permitted to stipulate to the jury that she owned, possessed and resided in the property and had control of the sidewalk at No. 621 North Euclid Avenue for a long time prior to the date of the fall. Appellant's allegation of error is predicated on the language of Pa. R. C. P. 1045(a) which provides:

"A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

We agree with the court below that the answer constituted no more than an admission that appellee owned and was in control of the property where the fall allegedly occurred. The simple entry of an appearance would have yielded the same result and neither the entry of an appearance nor the answer filed would admit that the fall took place, or that it took place where appellant alleged it did. The admission of "the ownership, possession or control of the property or instrumentality involved" is of significance only upon proof that the property or instrumentality, ownership of which is admitted, was actually involved. In that connection, the court below aptly said:

"The trial court ruled that the effect of the pleadings would not in any event relieve the plaintiff of her

burden of proving where on the sidewalk that she fell, for under the evidence presented it was only the broken portion of the sidewalk that could possibly constitute negligence on the part of the defendant. Even an admission that plaintiff fell on defendant's sidewalk would not eliminate the need for this further element of proof. Plaintiff had to prove that she fell because of the negligence of defendant, and this necessarily meant proving that she fell at the point of the depression in the sidewalk, for that depression was the only suggestion of negligence of defendant as to which plaintiff presented any proof. We believe the trial judge was correct in his ruling, but even if he were not, it still remained for plaintiff to prove that she fell at the site of the break and because of it."

Appellant's insistence on the conclusive nature of appellee's "admissions" becomes clear when her next argument is considered. Appellee called a witness to testify that the fall did not occur in front of appellee's house but in front of an adjoining house where he was a tenant. He testified that while he did not see appellant fall, he was attracted by the sound of a person moaning and that when he looked up he saw appellant lying on the ground and assisted her to her feet. He fixed the location as in front of 619 rather than 621 North Euclid because he was at the time trying to extricate his parked car from the snow and he used a particular tree in front of No. 619 to support himself with one arm while he assisted appellant with the other arm. The photographs of the scene show that there was no tree near the broken sidewalk which appellant claimed to be the cause of her fall, and that the closest tree was some distance away.

Thus it becomes readily apparent why appellant should insist that appellee had admitted, in the pleadings, that the fall took place in front of No. 621, and why she argues that the trial court erred in allowing

this witness to testify. Appellee was surely entitled to show that a conflict existed as to how the accident happened; specifically whether appellee's broken sidewalk caused appellant's fall. The court below properly decided this issue, saying:

"With respect to the testimony of McKinney, if we assume for the purpose of argument that plaintiff is right in asserting that the pleadings establish conclusively that plaintiff fell in front of No. 621, still McKinney's testimony was properly received, not for the purpose of showing that since the fall was in front of No. 619 plaintiff should have sued the person in control of No. 619, but for the purpose of showing that the fall did not occur at the depressed sidewalk, but some fifteen or more feet away from it. Under no possible argument or theory could it be argued that under the pleadings defendant had lost her right to prove that plaintiff fell on defendant's sidewalk at a point other than where the depression existed. It was for that purpose that McKinney was permitted to testify.

"In charging the jury, the trial judge did not submit to them an issue as to whether plaintiff had fallen on the property of someone other than the defendant, that is, in front of No. 619, but charged them that for plaintiff to recover they must find that defendant was negligent in her maintenance of her sidewalk and that plaintiff's fall was proximately caused by this negligence."

Appellant has cited a large number of cases which she contends support her view of the effect of Rule 1045(a); she has misconstrued the holdings of those cases. One example will suffice. Appellant cites *Greet v. Arned Corporation,* 412 Pa. 292, 194 A. 2d 343 (1963).

We there held that Arned's failure to file an answer was conclusive as to the question of the agency of Iacobucci, not as to the question of Iacobucci's neg-

ligence. By the same token, appellee here has only admitted ownership of No. 621 and appellant was still required to prove that appellee's negligence was the proximate cause of her injuries.

Appellant next urges that the trial court erred in refusing certain points for charge submitted by her. The points refused were as follows:

"*First*: Photographs introduced at the trial portray the condition of the sidewalk as vividly as any person could orally describe it. (Keeler v. Bair, 407 Pa. 335, 180 A. 2d 914, 1962).

"*Second*: Photographs are evidence which cannot be put aside cavalierly. id.

"*Third*: A statement made by a party in a sworn pleading is admissible to impeach the credibility of the party who made the sworn statement. (Monaco v. Gula, 407 Pa. 522, 180 A. 2d 893, 1962)."

The first two points for charge may be handled together. It is true that in *Keeler v. Bair*, 407 Pa. 335, 180 A. 2d 914 (1962), we used the language used in these points for charge. We did so, however, in pointing out that a lack of eyewitnesses was not fatal to plaintiff's case where photographs of the scene were apparently put aside by the jury, not in establishing a requirement for charging on photographic evidence. The charge of the court adequately covered the photographs by pointing out that appellee and her witnesses agreed that the sidewalk was actually as shown in the photographs. Thus there was no issue as to the condition of the sidewalk as shown on the photographs and the refusal of these points was not prejudicial. Moreover, the photographs themselves did in fact go out with the jury to aid in its deliberation.

The third point for charge arose as a result of appellee's admission that the photographs accurately portrayed the condition of the sidewalk. Appellant sought to impeach her credibility by confronting her with her

affidavit to the answer in which it was denied that the sidewalk existed in a "broken, defective, unsafe and dangerous condition". The trial court permitted this confrontation after properly restricting counsel to the use of the word "broken". Appellee's answer that the sidewalk was not in "defective, unsafe and dangerous condition" could not be used to impeach her credibility since such conditions were conclusions to be drawn by the jury, rather than allegations of fact. "Broken", of course, stands on a different footing and the trial court allowed the attack on appellee's credibility based on her sworn prior denial that the sidewalk was "broken".

A reading of the entire charge indicates that the trial court charged adequately on credibility, and there was no necessity to give the specific charge requested. As pointed out by the court below:

"Monaco v. Gula, 407 Pa. 522 (1962), cited by plaintiff, holds that a pleading may be used to impeach a party in the manner permitted by the trial court; it does not hold that the court must charge the jury as plaintiff requested, and in fact does not even treat the question."

We find no trial errors requiring a new trial. In addition, the conflicting testimony was such that we cannot say that the verdict was contrary to the evidence.

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.